## BURTON *et al. v.* WESTERN & ATLANTIC RAILROAD COMPANY.

Where a railroad company for a long time kept in a smooth and even condition a space lying longitudinally between its tracks, this space extending from one public street to another in a much frequented part of a town, though its only purpose in keeping it in such condition was to enable its passengers to safely alight from and board its trains, yet where this space, with the company's knowledge, had for a long period been daily, continuously and regularly used by the general public as a footway, "as much so as any street or way in the town," so that it could reasonably be inferred that, even if the company had not dedicated the space in question to the public use, its conduct at least amounted to a license, or to an implied invitation, to the public to pass over the same, it would be liable to one who, though not a passenger, was injured by stepping at night, without any negligence on his part, into a hole dug therein by the company and which was negligently left unprotected and unguarded, so that one using the way would have no notice of its existence. The court erred in dismissing the plaintiff's declaration.

August 18, 1896.

Action for damages. Before Judge Gober. Cobb superior court. November term, 1895.

*C. D. Phillips* and *J. Z. Foster*, for plaintiffs.
*Payne & Tye* and *Clay & Blair*, for defendant.

SIMMONS, Chief Justice.

It appears from the declaration, that the plaintiff, Silvia Burton, when passing along at night between two sets of tracks upon the defendant's right of way, in a space extending from one public street to another in a much frequented part of the town of Marietta, fell into a hole dug by agents of the defendant, which was unprotected and unguarded, thereby sustaining the injuries complained of. It appears also that the space referred to had for a long time been kept by the defendant in a smooth and even condition for the use of passengers alighting from and boarding its trains, and had during that time with the knowledge and acquiescence of the defendant been daily, continuously and regularly used by the general public as a footway, "as much so as any street in the town," and that the plaintiff had been accustomed to use it herself, and did not know or suspect that the excavation had been made until she had fallen into it. It was alleged that she was free from negligence, and by reason of the darkness at that point, was unable to see that an excavation had been made.

It was contended on the part of the defendant that no cause of action was set forth, because it did not appear that at the time of the alleged injury the defendant was under any duty towards the plaintiff. The keeping up of the way by the defendant, it was argued, could not be treated as giving rise to any duty towards the plaintiff or the public in general, since, as appeared from the declaration, the purpose of keeping it up was the accommodation of passengers on the defendant's trains, and hence the case did not come within the principle ruled in *Central Railroad Co.* v. *Robertson*, 95 *Ga.* 430, and similar cases relied on by counsel for the plaintiff in error.

Whether the conduct of the railroad company was such as to amount to a dedication, or to an implied invitation to the public in general, or not, it was at least such as to impose upon the company the obligation which is due even to a

bare licensee, of giving notice of hidden dangers or traps. 2 Jaggard, Torts, 889 et seq., and cases cited. While an acquiescence by an owner of land in the use by others of a road or pathway thereon, under circumstances which do not amount to an invitation, does not impose upon him the duty of keeping the premises in suitable condition for such use, yet if he digs a dangerous hole into which persons passing along the way are liable to fall if not warned of it, he is under the duty of warning them or of guarding against such an occurrence. In the present instance the defendant, having permitted, without objection, the use of this space between its tracks as a street or passway, not merely by its passengers, but by the public in general, for a long period, and not having undertaken to confine the use of it to passengers on its trains, was bound to anticipate that on the occasion in question persons not passengers would be walking along the way; and it had no right to place a pitfall in their route, without such notice or safeguard as would prevent injury therefrom.

The declaration stated a cause of action, and the court erred in dismissing it.                              *Judgment reversed.*