(84 N. W. Rep. 8.)

---

WM. J. ANDERSON *vs.* J. G. GORDON, *et al.*

Opinion filed November 3, 1900.

**Supreme Court—Jurisdiction—Injunction.**

> This court, in the exercise of its original jurisdiction, can issue a writ of injunction only upon an information therefor filed by the attorney general, or under his authority, and by leave of court first obtained, and in the name of the state.

Application by William J. Anderson for a writ of injunction against J. G. Gordon, county auditor of Nelson county, and John W. Scott, county auditor of Grand Forks county.

Writ denied.

*Bosard & Bosard,* for relator.

*Cochrane & Corliss* for defendants.

BARTHOLOMEW, C. J. The plaintiff, William J. Anderson, alleging that he is a citizen of the United States, a resident and qualified elector of the First ward of the city of Grand Forks, First Judicial District of North Dakota, and appearing by his counsel, Messrs. Bosard & Bosard, who disclaim acting under the direction or by the authority of the attorney general, and without any allegation that the attorney general is unable or unwilling to act in the matter, seeks to invoke the original jurisdiction of this court, and procure

an injunction restraining the auditors of the counties of Grand Forks and Nelson, composing the First Judicial District, from placing the name of Charles J. Fisk upon the official ballot to be used at the approaching general election as a candidate for the office of judge of said district. Plaintiff desired to accomplish a restraint, but our statute (section 5343, Rev. Codes) having abolished the writ of injunction as a provisional remedy, and substituted an injunction by order, and as such order could only be made in a pending case, the plaintiff caused a summons and complaint to be served upon the defendants as in an action in the District Court, and also served notice of an application to this court for a restraining order. When the application was made it was suggested by the court that it could exercise original jurisdiction only through jurisdictional writs, and that it could not acquire jurisdiction through service of summons. Thereupon counsel moved for leave to file his complaint as an information for writ of injunction, and that a preliminary injunction issue thereon. The defendants appear specially and object to this proceeding upon the grounds that the state is not a party plaintiff directly or upon relation, and that leave to file the information is not asked by the attorney general or by his authority. We think these objections are well taken. It is true that under the weight of modern authority, voiced by section 5232, Rev. Codes, where the question is one of general interest, one party may, without showing any special interest in himself, sue for all. The state need not be made a party plaintiff in any manner. But that is not the question here. The state constitution (section 87) declares that this court "shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunctions and such other original and remedial writs as may be necessary to the proper exercise of its jurisdiction, and shall have power to hear and determine the same." We are not, in this case, concerned about those remedial writs through which this court may exercise its superintending control over inferior courts. Plaintiff asks an original writ. It must be a jurisdictional writ, because it is only through the writ that this court obtains original jurisdiction of the controversy. Injunction is known as the great chancery writ. It was not a prerogative writ, not a writ of right, not a jurisdictional writ, not an original writ, but was a judicial writ used in aid of a jurisdiction that had already attached. In the constitution we find it grouped with the great common-law prerogative writs that might always be used as original writs. It seems to be the mandate of the constitution that this court should use the writ of injunction, in cases where that is the appropriate writ, in the same manner and by the same means employed in the use of the prerogative writs with which it is grouped. Either that must be done, or a court of limited original jurisdiction must acknowledge its inability to employ the writ of injunction as an original writ. But courts cannot disregard or emasculate the plain provisions of a fundamental law. It has, therefore, been held, under

identical language, that courts must treat the writ of injunction as a *quasi* prerogative writ. That such is the proper course is conclusively shown in the masterful opinion of Chief Justice Ryan in *Attorney General* v. *Chicago & N. W. Ry. Co.*, 35 Wis. 425. See page 512 et seq. But, treating it as a prerogative writ, it must be procured as prerogative writs always have been secured; and that is upon an information filed by the law officer of the state, or with his authority, upon leave granted, and in the name of the state. This is the practice prescribed by this court in *State* v. *Nelson Co.*, 1 N. D. 88, 45 N. W. Rep. 33, 8 L. R. A. 283. Since the decision of that case this court has upon several occasions been called upon to exercise its original jurisdiction in mandamus cases. This is the first instance since the *Nelson County Case* where an injunction has been asked. It is for this reason that we have stopped to point out why our original jurisdiction could be exercised in the issuance of that writ only in the same manner in which it is exercised in procuring the issuance of prerogative writs proper. The application for leave to file the information not being made by the attorney general, or in the name of the state, the writ must be denied. All concur.