## 14158. PETREE, by next friend, *v.* DAVISON-PAXON-STOKES CO.

In an action by a child, through her next friend, against the proprietor of a retail department store for injuries alleged to have been received when putting her fingers into a slot-machine in the ladies' rest-room of the store, it being alleged in the petition, in brief, that the plaintiff, a child of six years, was taken by her mother to the defendant's store when the mother went to the store to make a purchase; that the ladies' rest-room was maintained by the defendant for the use of patrons as a part of the store, and the slot-machine was operated by the defendant for profit, and contained articles of a described kind for the use of ladies, which articles were obtainable by depositing a coin in the machine and manipulating a lever or crank; that the plaintiff's mother, after purchasing for herself a pair of hose in the store, entered the rest-room accompanied by the plaintiff, who saw another lady procure from the slot-machine a package neatly and tightly wrapped and attractively and brightly labeled; that the contents of the machine were also visible through a small glass window therein; that the plaintiff, thinking the machine was a dispenser of confections, asked her mother for a coin to " get some candy," and the mother informed her only that the packages were not candy; that the mother then entered a booth, to put on the pair of hose purchased, and within a moment or so heard the child scream, and, coming out, found the child's fingers caught in a saw-like mechanism through an opening in the bottom of the machine; that the injury thus produced was permanent; that the machine was an attractive nuisance and a device dangerous for children, and was negligently maintained at a height of but 39 inches above the floor, it being customary to place such machines at a height of 60 inches; that the defendant in the exercise of ordinary care should have known that the machine so maintained would be dangerous and attractive to children who might come into the room; that the mother had a right to assume that such machine, " in a public place in which the public and patrons of the defendant were invited to go," was not a dangerous trap for the curious fingers of children; that she did not have equal means with the defendant of knowing its dangerous character; and that she and the child were free from fault or negligence, *held*, that a cause of action was stated as against the general demurrer; and there was no merit in the special grounds of demurrer, namely, that the allegation that the machine was operated for profit was irrelevant; and that there was no basis for alleging that the public was invited, as quoted above. The word " public " as here used is to be construed as including merely the defendant's patrons.

DECIDED JUNE 25, 1923.

Action for damages; from city court of Atlanta — Judge Reid. November 11, 1922.

The plaintiff, Helen Louise Petree, of the age of six years, by her mother as next friend, brought an action for damages against the Davison-Paxon-Stokes Company, to the dismissal of which on demurrer she excepts. In the petition it is alleged that the defendant maintained, for the use of the patrons of its retail department store and as a part of that establishment, a ladies' rest-room, in which was located a slot-machine, operated for profit, by which articles of a described nature, peculiar to the needs of ladies at certain periods, are supplied for a coin deposited in the machine, and obtained by the manipulation of a lever or crank; and it is for injuries to her hand by this machine that the plaintiff claims damages. Further averments are to the effect that on the day of the injury the plaintiff's mother visited the store and purchased for herself a pair of hose, and thereafter repaired to the rest-room and into the booth of a toilet, to put them on. The plaintiff had accompanied her mother into the store and into the rest-room, but not within the booth. Before the mother had entered the toilet booth she and the child had seen a lady, in the manner above described, procure from the slot-machine one of the packages, which were tightly rolled, neatly wrapped, and labelled with bright and attractive labels. The contents of the machine were also visible through a small glass window attached thereto, and the child, thinking that the machine was a dispenser of confections, had asked her mother for a coin with which to " get some candy." The mother informed her only that the packages were not candy. Within a moment or so after the mother entered the booth she heard the child screaming, and, coming out, found its fingers caught in the saw-like mechanism in an opening in the bottom of the machine. The injuries are described and alleged to be permanent.

It is alleged that the machine was an attractive nuisance, inherently dangerous to children, who would be attracted by and to it, and that the defendant was negligent in maintaining it in the rest-room within the reach of children of tender years; that it was negligently located, at a height of only 39 inches above the floor, when the defendant knew or in the exercise of ordinary care should have known that at such a height the machine would be a dan-

gerous instrumentality to children who might come in the rest-room either as patrons or in company with patrons of the store, it being usual and customary to place such machines at a height of 60 inches; that the mother had a right to assume that the device would not be dangerous to children who might handle it or place their hands about its exterior, and assumed that the machine, "in a public place in which the public and patrons of the defendant were invited to go," was not a trap to catch the naturally curious fingers of children; that she did not have equal means with the defendant of knowing the dangerous nature of the machine, and that both she and the child were free from fault or negligence.

The several grounds of the demurrer are all general in nature except two, one of which is that the allegation that the machine was operated for profit is irrelevant, and the other that there is no basis for the averment last quoted above, that the public was invited to come to the toilet.

*Harwell, Fairman & Barrett,* for plaintiff.

*Rosser, Slaton & Hopkins,* for defendant.

BELL, J. (After stating the foregoing facts.)

It is insisted by the plaintiff in error that the child was an invitee, and by the defendant in error that it was a trespasser. We think it was neither, but rather a licensee. There is no allegation that the child was invited to the store, and no facts are set forth from which an invitation to a child of its age could be implied. The visit of the mother was for the purpose of making a purchase for herself and not for the child. Its presence was merely the choice of the mother, for the pleasure or convenience of herself or the child. The child did not go to the store to trade. An invitation of the owner or occupant of premises is implied by law where the person goes on the premises for the benefit real or supposed of the owner or occupant, or in a matter of mutual interest, or in the usual course of business, or for the performance of some duty. To constitute one person an invitee of the other there must be some mutuality of interest.

A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon merely for his own interest, convenience, or gratification. See *Crossgrove* v. *Atlantic Coast Line R. Co.,*

ante, 462 and cases cited. " The principle on which the courts distinguish a case of implied license from one of implied invitation, in the technical sense, seems to be this:˙ Speaking generally, where the privilege of user exists for the common interest or mutual advantage of both parties, it will be held to be a case of invitation; but if it exists for the mere pleasure and benefit of the party exercising the privilege, it will be held to be a case of license." 17 R. C. L. 566, § 79.

The court can not judicially know that children are *invited* by a merchant to come with their parents to the store merely for a purchase by the parent for the parent, but can take notice, as a matter of common knowledge, that they are *permitted or licensed* so to do. Where a mother is invited to come and trade, her children are commonly permitted to accompany her. Matters of fact of which judicial notice is taken need not be alleged. *Cedartown Cotton & Export Co.* v. *Miles,* 2 *Ga. App.* 79, 81 (58 S. E. 289); 6 Standard Enc. Procedure, 680, § 9.

Under the averments of the petition the rest room is to ·be considered as a part of the store. A member of the general public of the class usually allowed to enter a store who enters lawfully and peacefully, although not a customer actual or anticipatory at the time, does not, unless admission has been forbidden him, thereby become a trespasser, but is a licensee. *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161 (59 S. E. 442). The plaintiff in this case was clearly a licensee, and not an invitee. It is positively alleged that the rest room was maintained for the use of the defendant's patrons. The later indirect averment that the plaintiff's mother · assumed that the machine in a public place in which the public · and patrons of the defendant were invited to come was not a trap to catch the naturally curious fingers of children can not be held to enlarge the averment that the rest room was merely for the· use of patrons, but the term " public " will be held to imply that part of the public comprising the defendant's patrons. .This construction, in our opinion, is proper under the rule that pleadings are to be construed most strongly against the author.

In the case of a trespasser " liability arises only where the injury has been occasioned by the wilful and wanton negligence of the proprietor or owner. No duty of anticipating his presence is imposed; and, as was pointed out by this court in *Charleston & W.*

*C. Ry. Co.* v. *Johnson,* 1 *Ga. App.* 441 (57 S. E. 1064), the duty
to use ordinary care to avoid injuring him after his presence and
danger is actually known is, in point of fact, merely the duty not
to injure him wantonly or wilfully." ⟨ In the case of a licensee
" there is a slightly higher duty on the part of the owner or pro-
prietor of the premises.   He must not wantonly and wilfully in-
jure the licensee; *and since his presence as a result of his license
is at all times probable, some care must be taken to anticipate his
presence, and ordinary care and diligence must be used to prevent
injuring him after his presence is known or reasonably should be
anticipated* [italics ours].   The fundamental concept in this class
of cases, as in that of trespassers, is of a liability only for wilful
or wanton injury; but it is usually wilful or wanton not to exercise
ordinary care to prevent injuring a person who is actually known
to be, or reasonably is expected to be, within the range of a dan-
gerous act being done.   See *Southern Ry. Co.* v. *Chatman,* 124
*Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283).   To the licensee,
as to the trespasser, no duty arises of keeping the usual condition
of the premises up to any given standard of safety, except that
they must not contain pitfalls, man-traps, and things of that
character."   Both of the above quotations are from *Mandeville
Mills* v. *Dale,* 2 *Ga. App.* 607, 609 (58 S. E. 1060).

" After the presence of the licensee is known, exactly the same
acts of caution may be required of the proprietor to satisfy the
legal duty as would be necessary if the licensee were invited. In-
deed, we can conceive that the owner of lands on which a dan-
gerous thing exists may be in legal duty bound to use a greater
quantum of precaution in behalf of an infant licensee thereon than
he would in behalf of an adult invited guest. The sum of the whole
matter is included in the expression frequently enunciated that
' duties arise out of circumstances.' " *Rollestone* v. *Cassirer,*
supra.   A careful reading of this case will demonstrate that if we
are correct in saying that the plaintiff was a licensee, the petition
was good against demurrer.   It is alleged that the device was as
to a child of tender years attractive and at the same time inherently
dangerous, with a basis of fact set forth, and that it was negligent-
ly placed where a child could reach it, although it is customary to
place such a machine at a height of 60 inches.   The child was not
a trespasser; and it is a question for the jury to determine whether,

under the circumstances, the defendant exercised the proper care in anticipating the presence of the plaintiff, and whether, if not, the machine was of such a character that the defendant in the exercise of ordinary diligence should not have maintained it at the place and in the manner alleged in the petition. See, in this connection, *Burton* v. *Western & Atlantic R. Co.*, 98 *Ga.* 783 (25 S. E. 736) ; *Ashworth* v. *Southern Railway Co.*, 116 *Ga.* 635 (2), 639 (43 S. E. 36, 59 L. R. A. 592) ; *Etheredge* v. *Central of Georgia Ry. Co.*, 122 *Ga.* 853 (1) (50 S. E. 351, 69 L. R. A. 117) ; *Mills* v. *Central of Georgia Ry. Co.*, 140 *Ga.* 181 (78 S. E. 816, Ann. Cas. 1914C, 1098) ; *Wallace* v. *Matthewson*, 143 *Ga.* 236 (1) (84 S. E. 450) ; *Southern Railway Co.* v. *Parham*, 10 *Ga. App.* 531 (2) (73 S. E. 763).

It is urged in the demurrer that the plaintiff's injury was the result of the negligence of her mother, but the negligence of the mother is not imputable to the child where the child itself is the plaintiff. Civil Code (1910), § 3475.

The general demurrer was improperly sustained. The allegation that the machine was operated for profit was not objectionable as being irrelevant; and the indirect averment that the public and patrons of the defendant were invited to the rest room was not subject to the special demurrer interposed thereto, since we construe the allegation as including merely the defendant's patrons.

Our ruling is not an extension or even an application, of the doctrine of the turn-table cases, which goes upon the theory that a railroad company, when setting before children a temptation which it has reason to believe will lead them into danger, must use ordinary care to protect them from harm. The notion is that young children are not trespassers except in the technical sense, and that they are lured to become such at all by the temptation set before them amounting impliedly to an invitation. As we have undertaken to point out, the plaintiff in the instant case was not a trespasser, either in fact or in theory, either technically or morally, but was lawfully at the place in question, not by invitation, but by permission. We think this distinction will differentiate this case from the several authorities cited by the defendant in error in support of its contention that the demurrer was properly sustained. In the "velocipede" case (*Atlantic*

*Coast Line Ry. Co.* v. *Corbett,* 150 *Ga.* 747, 105 S. E. 358), the plaintiff was not a licensee in the sense of having permission to be where he was (see *Rome Furnace Co.* v. *Patterson,* 120 *Ga.* 521, 48 S. E. 166), as was the case here with the plaintiff, nor was the velocipede an instrument to be handled by others than employees. But one did not become a trespasser merely because of handling the slot machine. It was placed in the rest room for this very purpose, and the child had seen another person, presumably not an officer or employee, using it. The " coffee grinder " case, Holbrook *v.* Aldrich, 168 Mass. 15, is also distinguishable from this one. There a parent let go of the child for an instant while paying for goods he had puchased in the store, when the child placed its hand upon the instrument and was injured. The grinder, like the velocipede, was not for manipulation or handling except by the defendant's employees. This is not to say whether, upon facts identical, the ruling of that case would be followed or not.

In the case of Plummer *v.* Dill, 156 Mass. 426, a licensee in the defendant's building was injured by striking her head upon a projecting sign placed upon a post at the corner of a landing. If circumstances had been alleged raising an inference that the defendant owed the plaintiff any care to anticipate her presence, and that the instrument to an adult was a hidden peril, the decision in that case might have been different. As to this we only can conjecture, but it suffices that the facts there alleged are materially different from those of the case here considered. In the case of Fleckenstein *v.* Great Atlantic & Pacific Tea Co., 102 Atl. 700 (1), a licensee in a store (accompanying one who went to purchase) was struck by a missile from a box of canned goods being opened by an employee near by in the store. The presence of the licensee was known, but there was no suggestion that the occurrence was one likely to occur or that the act of opening the box in the manner alleged was inherently dangerous. The majority opinion in the case of United Zinc & Chemical Co. *v.* Britt, 258 U. S. 268 (42 Sup. Ct. Rep. 299), merely restricts the principle of the turn-table cases, while the dissent apparently carries the doctrine further than the courts of this State have consented to go. Neither view is here pertinent. Likewise the other cases

which are cited in support of the demurrer are clearly different from that here considered.

On the other hand, the cases of Miller *v.* Peck Dry Goods Co., 104 Mo. App. 609 (78 S. W. 682), and Hillerbrand *v.* May Mercantile Co., (Mo.) 121 S. W. 326, cited by the plaintiff in error to sustain her contention that she was an invitee, are not applicable, for the reason that in each the relation was distinctly alleged. Under the petition as drawn in the case at bar, the plaintiff must be held to show only the duty of the defendant to her as a licensee.

The writer has been impressed with the suggestion that to uphold the petition would constitute the defendant a nursery, and, candidly, was long of the opinion that no cause of action was set forth, but is forced by a careful study of the authorities to adopt a different view.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*