*Leo Sudderth, H. C. Holbrook,* for plaintiff in error.
*James L. & Will G. Moore,* contra.

---

15347. BYNUM *v.* MAYOR AND ALDERMEN OF SAVANNAH *et al.*

STEPHENS, J. 1. In a petition in a suit for personal injuries received by the plaintiff while temporarily on property belonging to or in the control of the defendants an allegation which describes the property as being maintained by one of the defendants, a municipal corporation, for the purpose of "anchoring vessels and storing merchandise to be loaded thereon, for which a rental or storage charges are paid to and received by" the defendant, although it may allege that the property was known as "the municipal wharf," is an allegation to the effect that the property was maintained for a restricted use and as a place of business only, and not for indiscriminate use by the public and persons coming thereon for a purpose not pertaining to such business. A person coming upon such wharf for the purpose of satisfying his own curiosity in observing ships is not there as a matter of right as an invitee, but is there as a mere trespasser or a licensee. *Clardy* v. *So. Ry. Co.,* 112 *Ga.* 37 (37 S. E. 99); *Jones* v. *Candler,* 22 *Ga. App.* 717 (97 S. E. 112).

2. Where such a person, while upon the property for such purpose, is injured by some plank falling off the top of a stack of lumber maintained by one who has rented space upon the property from the city, and upon which stack of lumber others who are on the property for the same purpose have climbed, he can not for such injury recover against either the city or the tenant owning the lumber, unless the fall of the lumber and the consequent injury was caused by some wanton act or wilful misconduct upon the part of either the city or the tenant. Such an act is not shown by an allegation that five pieces of lumber fell upon him from the top of the stack of lumber and injured him, and that the stack had not been protected by stanchions or posts which would have securely held the lumber in place.

3. A proclamation issued by the mayor of the city, declaring the day upon which the plaintiff was injured a holiday for the purpose of welcoming soldiers returning from overseas, and an invitation by the mayor to the public generally to participate in such welcome, can not be regarded as an invitation to the plaintiff to place himself upon the property described, for the purpose of observing such public demonstration of welcome.

4. The petition failed to set out a cause of action and was properly dismissed upon demurrer.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 24, 1925.

Action for damages; from Chatham superior court—Judge Meldrim. December 10, 1923.

*H. P. Cobb, I. C. Farthing,* for plaintiff.
*F. P. McIntire, Ulmer & Bright,* for defendants.