## 20975. ST. CLAIR *v.* CITY OF MACON *et al.*

STEPHENS, J. 1. A person who creates or maintains a pond of water upon private premises is under no duty to maintain it in a condition of safety, as against drowning, for children who, with the mere acquiescence and knowledge of the owner but without express and implied invitation, come upon the premises and go in the pond. The doctrine of the "turntable cases" does not apply to such a situation. *Savannah, Florida and Western Railway Co.* v. *Beavers,* 113 *Ga.* 398 (39 S. E. 82, 54 L. R. A. 314); Hargreaves v. Deacon, 25 Mich. 1; Peters v. Bowman, 115 Cal. 345 (47 Pac. 113, 598, 56 Am. St. R. 106); Stendal v. Boyd, 67 Minn. 279 (69 N. W. 899).

2. Where in such a case the landowner and a municipality whose alleged negligence caused an accumulation of water which created the pond were sued jointly by the mother of a child nine years of age, for loss of services of the child, resulting from its death by drowning in the pond, the petition failed to set out a cause of action against either defendant, and the general demurrer of each defendant was properly sustained.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JULY 20, 1931.

*R. D. Feagin, H. B. Bell, J. F. Urquhart,* for plaintiff.
*E. W. Maynard, John J. McCreary, Ellsworth Hall Jr.,* for defendant.

JENKINS, P. J., concurring specially. I concur in the result arrived at by my colleagues in this case, but perhaps go further than they do in my idea concerning the law governing it. It is true that section 4420 of the Civil Code (1910) provides that "where the owner or occupier of land, by express or implied invitation, induces or leads another to come upon his premises for any

lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe," but in my opinion even an express or implied invitation to the general public to use gratuitously a privately-owned swimming-pool would not render the owner thereof liable to any person who might thus use the same, in the absence of proof that it contained some unusual and concealed danger not usually incident to a swimming-pool. That the owner after such an implied general invitation failed to furnish a life-guard or to remain present and explain to all persons frequenting the swimming pool that getting into water over their heads was dangerous could not, in my opinion, possibly amount to negligence of any kind. The code section, as I understand it, simply requires that the owner should exercise ordinary care towards an invitee in keeping the premises and approaches safe. A swimming-pool is not inherently unsafe when properly used. It is dangerous, as every one knows, for a person who can not swim to get into water over his head. Therefore, in my opinion, what might amount to a mere general invitation to the public could not require special diligence on the part of the owner of the swimming-pool not only to keep the premises and approaches safe, but to take special precautions to prevent individual users from committing acts which might be dangerous to themselves.