## 22472. CENTRAL OF GEORGIA RAILWAY CO. *v.* LEDBETTER.

DECIDED FEBRUARY 24, 1933.

*H. Wiley Johnson, Julian F. Corish,* for plaintiff in error.
*Ryan & Glass, Ernest J. Haar,* contra.

MACINTYRE, J. H. P. Ledbetter brought an action against Central of Georgia Railway Company to recover damages for alleged

personal injuries. The only question presented by the record here for determination is whether or not the trial judge erred in over-ruling the defendant's oral motion to dismiss the petition upon the ground that no cause of action was set out.

The parts of the petition material to an understanding of the question raised are substantially as follows:

"3. On the evening of October 14, 1930, at approximately 6:45 o'clock p. m., and after the fall of darkness, petitioner, together with Mr. Joseph Walker, was endeavoring to locate the S/S Tulsa for the purpose of visiting and talking to his brother, who was a member of the crew of said steamship, and which said ship was moored at one of the several berths occupied and controlled by said defendant at a point immediately west of the City of Savannah on the southern bank of the Savannah river, the particular berth at which said ship was moored being commonly known and designated, petitioner is advised and believes, as berth No. 19.

"4. Petitioner shows that in pursuit of his intention as afore-said, he went to the terminals, wharves, or berths occupied and con-trolled by defendant . . as aforesaid, and observed a ship moored at a berth, which ship, by reason of the darkness, he mis-took for the Tulsa, but which, he learned, subsequently to the occur-rence hereinafter recited, was not the Tulsa, but a ship the name of which is unknown to him, and which was moored in berth No. 22.

"5. Petitioner, believing the ship he saw . . to be the Tulsa and his objective point, endeavored to approach the said ship, and, pursuant thereto, he entered upon a plank walkway occupied and controlled by the defendant for the passage of persons and vehicles to and from vessels moored at their several berths as aforesaid, said walkway being located at the southern extremity of the artificial slips occupied and controlled by the defendant, and running at right angles to and joining another·walkway occupied and controlled by defendant, the same paralleling the western side of said artificial slip, both of which walkways are in excess of twelve feet in width, and both of which are a usual means of ingress and egress to and from vessels moored at the said several berths. . .

"6. Petitioner shows that, being on the east and west walkway aforesaid, he observed the ship which he took to be the Tulsa and saw a lighted area immediately adjacent to said ship, and upon looking down the north and south walkway towards the said ship,

he saw what appeared to be a clear and unobstructed roadway leading to said ship, and petitioner, in company with Mr. Walker, proceeded to enter the said north and south walkway, petitioner walking a step or two in advance of Mr. Walker. Having arrived at this point of junction between the north and south walkway, or roadway, and the east and west walkway, or roadway, petitioner was, without warning, precipitated downward through an unguarded, unlighted, unseen, and undisclosed opening in the said north and south walkway, falling a distance of some six or eight feet upon the ends of the underpinning or piling of said walkway, being thereby rendered unconscious, thence down into the waters of the Savannah river, over which said walkway is superimposed at this point, wherefrom he was rescued, still unconscious, by . . Mr. Walker.

"7. Petitioner shows that defendant . . had cut away and removed a large area of said north and south walkway, leaving a large opening extending the full length of said walkway and about ten feet long, which said opening . . defendant failed to barricade, fence off, or in any manner provide any safeguard around the same, and did not put a light or other warning signal in, on, or around the said opening, to warn of the presence of the pitfall or mantrap which was obscured and hidden by the prevailing darkness as aforesaid, and unobservable by persons entering upon or approaching the same, and petitioner shows that it was through this unguarded opening or pitfall that he plunged and received the injuries hereinafter recited.

"8. Petitioner shows that defendant was negligent in the following particulars: (a) Defendant, with full knowledge that a great number of persons traverse the aforesaid walkways upon their premises, did create and/or maintain the opening, pitfall or mantrap hereinbefore described, and did not in any manner barricade, block off, or fence the same, or do anything whatever to guard against the approach, entry and injury of unsuspecting persons. (b) Defendant failed to place a light or lights in or upon the said opening, mantrap or pitfall. (c) In failing to place lights around or about said opening, mantrap or pitfall so situated as to illuminate the same and advise unsuspecting persons of the presence of the danger maintained upon defendant's premises. (d) In failing to provide any means of warning of any kind, any safeguard whatever,—all of which petitioner charges and alleges to have been

wanton and gross negligence on the part of the defendant, the direct and natural consequence whereof, petitioner alleges, to have been the injuries sustained by him as hereinafter set forth."

(Paragraph 9 sets out the nature and extent of the alleged injuries.)

"10.  Petitioner shows that in entering upon and following the roadways or walkways aforesaid, he was following the avenues maintained upon its premises by defendant, and which are used by a great number of persons in approaching and leaving vessels moored at defendant's berths as aforesaid, such use by many people of the particular walkways and roadways being well known to defendant, its agents and servants, and petitioner further shows that at that time and place petitioner was in the exercise of all care and caution in traversing the walkways and roadways aforesaid and did not know and had no means of ascertaining the existence of the pitfall or mantrap in said walkway through which he was precipitated."

It not appearing from the petition that there was any mutuality of interest between the plaintiff and the defendant, the former was not an invitee of the latter.  *Petree* v. *Davison-Paxon-Stokes Co.,* 30 *Ga. App.* 490, 492 (118 S. E. 697).  We quote from the decision in the *Petree* case, supra, as follows:  "A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and does not stand in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon merely for his own interest, convenience or gratification. . .  In the case of a trespasser 'liability arises only where the injury has been occasioned by the wilful and wanton negligence of the proprietor or owner.  No duty of anticipating his presence is imposed; and, as was pointed out by this court in *Charleston & W. C. Ry. Co.* v. *Johnson,* 1 *Ga. App.* 441 (57 S. E. 1064), the duty to use ordinary care to avoid injuring him after his presence and danger is actually known is, in point of fact, merely the duty not to injure him wantonly or wilfully.'  In the case of a licensee 'there is a slightly higher duty on the part of the owner or proprietor of the premises. He must not wantonly and wilfully injure the licensee; *and since his presence as a result of his license is at all times probable, some care must be taken to anticipate his presence, and ordinary care and diligence must be used to prevent injuring him after his presence is known or reasonably should be anticipated.*  (Italics ours.)  The

fundamental concept in this class of cases, as in that of trespassers, is of a liability only for wilful or wanton injury; but it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or reasonably is expected to be, within the range of a dangerous act being done. See *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.)) 283. To the licensee, as to the trespasser, no duty arises of keeping the usual condition of the premises up to any given standard of safety, except that they must not contain pitfalls, mantraps, and things of that character.' Both of the above quotations are from *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607, 609 (58 S. E. 1060)."

Our view of the petition in the case sub judice is that the plaintiff was either a trespasser or a mere licensee, and we are strongly inclined to believe that he was a licensee rather than a trespasser. Viewing him as a licensee, we think it was for the jury to say whether or not the defendant exercise proper care to anticipate his presence, and whether or not (if this question should be answered adversely to the defendant) the defendant exercised ordinary care and diligence to prevent injuring the plaintiff. It must also be remembered that the alleged pitfall or mantrap was a very large hole in the walkway itself, and that it is ordinarily the duty of the owner or the occupier of the premises both to trespassers and licensees to keep the premises free from "pitfalls, mantraps, and things of that character." Our conclusion is that the petition sets out a cause of action, and that the defendant's motion to dismiss it was properly overruled. In this connection see *Burton* v. *W. & A. R. Co.,* 98 *Ga.* 783 (25 S. E. 736).

We have carefully considered the case of *Todd* v. *Armour,* 44 *Ga. App.* 609 (162 S. E. 394), cited by plaintiff in error as conclusive authority for the proposition that "the opening in defendant's plank walkway or wharf was not a pitfall or mantrap and did not constitute wilful or wanton negligence," and we are of the opinion that the facts of the case cited and those in the case at bar clearly differentiate the two cases. Indeed, we do not understand that the case last referred to, or any other case cited in the able brief of counsel for plaintiff in error, militates against our conclusion that the petition sets out a cause of action.

*Judgment affirmed.* *Guerry, J., concurs.*

BROYLES, C. J., dissenting. The plaintiff, under the facts set forth in his petition was either a *trespasser* or a *bare licensee;* and under the rulings in *Rawlings* v. *Pickren,* 45 *Ga. App.* 261 (164 S. E. 223), *Bynum* v. *Savannah,* 33 *Ga. App.* 502 (126 S. E. 857), and *Todd* v. *Armour,* 44 *Ga. App.* 609 (supra), the petition failed to set out a cause of action, and the court erred in overruling the defendant's oral motion to dismiss the case. In my opinion the judgment should be reversed.