23234.   KINNEBREW *v.* OCEAN STEAMSHIP COMPANY.

DECIDED OCTOBER 7, 1933.

*Minor Dempsey, Ulmer & Dowell,* for plaintiff.
*H. Wiley Johnson, Julian F. Corish,* for defendant.

GUERRY, J.   The plaintiff alleged that the defendant maintained ship terminals and wharves, in Savannah, for use of passengers and shippers of freight; that the general public was expressly and impliedly invited to use these terminals and wharves; that at 2 o'clock p. m. petitioner entered upon a wharf belonging to the defendant, for the purpose of visiting a named person aboard a ship docked at this wharf; that petitioner stepped upon a plank on said wharf, which gave way and caused the injury complained of; that after the injury plaintiff discovered that the place through which her foot had broken was rotten and in an unsafe condition, and had been so for months before the accident, and that defendant knew or in the exercise of ordinary care should have known of the rotten and un-

safe condition. The acts alleged to have been negligent were: (1) failing to repair and keep in safe condition said wharf; (2) failing to make reasonable and timely examination and inspection to discover the unsafe condition; (3) failing to warn petitioner of the unsafe condition of said wharf. The petition further alleged that petitioner was without fault and in the exercise of all reasonable care and caution when the injury occurred. Plaintiff amended her petition by adding thereto the following: "That the only way to reach said ship from land was over said wharf, and that an agent, servant, and employee of said defendant, to wit a watchman employed by the defendant at said time and place, the name of whom is unknown to your petitioner, but well known to said defendant, pointed out said ship and directed her over said wharf to said ship; that said wharf was provided by the said defendant for the use, among other customary purposes, of persons going to and from ships docked at said wharf; that said wharf was used by a great number of persons with the full knowledge of the defendant, and that the defendant knew of her presence, should have anticipated her presence at said time and place, and warned her of the dangerous condition of said wharf." The petition was dismissed on demurrer, and the plaintiff excepted.

Under the allegations of the petition in this case the plaintiff was but, at best, a licensee. The owner of premises is not free from duty to a licensee; he must keep his premises free from pitfalls and mantraps and the like. *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161 (59 S. E. 442). The exact duty owing by the proprietor to a licensee is a matter to be determined by the specific circumstances of each case. If a proprietor knows that a pitfall or some similar secret danger lurks in his premises, and sees a licensee about to come into contact therewith, he should give warning. In *Central of Ga. Ry. Co.* v. *Ledbetter,* 46 *Ga. App.* 500 (168 S. E. 81), the plaintiff alleged the maintenance of a mantrap or pitfall, that the defendant, with full knowledge of such a trap or pitfall, made no effort to barricade it or block it off; that he failed to light it (the injury in that case occurring at night) and gave no warning, and that such conduct amounted to gross and wanton negligence. In the present case, construing the petition most strongly against the pleader, the plaintiff, with full opportunity to inspect the walkway she was traversing, was unable to see or to know that there was existent any

rotten plank. It was not alleged that such a condition amounted to a pitfall or mantrap, nor did the condition alleged constitute a mantrap or pitfall. It was not alleged that the defendant knew of the alleged defective condition, but only that by the exercise of ordinary care it could have known. Such an allegation that the defendant knew or ought to have known is at best but an allegation of implied notice. *Babcock Lumber Co.* v. *Johnson, 120 Ga.* 1030 (6) (48 S. E. 438). While it is true that an owner of premises may owe to a licensee a slightly higher duty than that owed to a trespasser, his obligation to a licensee is not equal to the duty which he owes to an invitee. The allegations as to implied notice of the alleged defect in this case might be sufficient if the plaintiff were an invitee, but are insufficient to show a breach of duty owing to a licensee. The owner of premises may owe a duty to a licensee, or even a trespasser, to warn him of a mantrap or pitfall, or of a defect known to such owner, which might cause injury to such licensee or trespasser. The defect in this case could not have been discovered by a casual or ordinary inspection by the defendant, because the plaintiff's petition shows that she could not and did not discover such defect before the injury. The owner of the premises, in failing to discover such an alleged defect and repairing the same, violated no duty owing to the plaintiff, and the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*