### 23086. McCALL *v.* McCALLIE *et al.*

SUTTON, J. 1. Where plaintiff's infant son, nine years old, in company with another, went upon the premises of the defendants to bathe in an artificial pond thereon, used for supplying water for the engines of one of the defendants, a railroad company, and formerly used as a public swimming and fishing resort by the other defendants, but then used by children and others for bathing purposes, which use was permitted and acquiesced in by these defendants, and stepped into a deep hole

in the pond and was drowned, the defendants were not liable to the plaintiff for the death of her son in that they maintained an attractive nuisance and failed to provide signs or other warning that the deep hole was in the pond, or in that they failed to have ropes or cables around the hole so as to keep small children from stepping into it. *Savannah &c. Ry. Co.* v. *Beavers*, 113 *Ga.* 399 (39 S. E. 82, 54 L. R. A. 314), et seq.; *City of Rome* v. *Cheney*, 114 *Ga.* 194 (39 S. E. 933, 55 L. R. A. 221); 20 R. C. L. 96; 45 C. J. 779; note, L. R. A. 1917F, 109; note, 36 A. L. R. 224; note, 60 A. L. R. 1453; Williams v. Kansas City &c. Co., 222 Mo. 865 (6 S. W. (2d) 48); Moran v. Pullman Palace Car Co., 134 Mo. 651 (36 S. W. 659, 33 L. R. A. 755, 56 Am. St. R. 543); Maruska v. Missouri etc. R. Co. (Tex. Civ. App.), 10 S. W. (2d) 211. While it is actionable negligence for one to leave unguarded on a part of his own premises, which he knows is frequented by children of tender years for the purpose of play, a dangerous thing or condition which may injure such children, he is not required to provide against remote or improbable injuries to children playing upon his land; and as to a natural condition or common danger existing in the order of nature, the attractive-nuisance doctrine does not apply, and it is the duty of parents to warn their children of such dangers. By the great weight of authority the attractive-nuisance doctrine has been held not to apply to ponds where there is no unusual danger. The fact that the pond had a deep hole therein, which was known to the defendants and not known to plaintiff's son, would not operate to take the case out of this rule. *Klix v. Nieman*, 68 Wis. 271 (32 N. W. 223, 60 Am. R. 854); Moran v. Pullman Palace Car Co., supra. The danger from fire or water is one that even young children may be said to apprehend. Although an owner of land may know of the habit of children to visit a pond on his premises and bathe, he is as a rule under no obligation to erect barriers or take other precautions to prevent them from being injured thereby. 20 R. C. L. 95, 96, 97, §§ 84, 85.

2. Scattered over the United States are innumerable ponds and lakes, artificial and natural; and occasionally a boy or man loses his life while wading or bathing in such a body of water. If, as a matter of law, the owners of fish ponds, mill ponds, gin ponds, swimming ponds, and other artificial bodies, wherein it is possible that boys may be drowned, can be held guilty of actionable negligence unless they enclose or guard the same, few would be able to maintain these utilities. Thompson v. Illinois C. R. Co., 105 Miss. 636 (63 So. 185, 47 L. R. A. (N S.) 1101).

3. The danger of drowning in a swimming pool or other pond or lake, such as may be found over this land, is an apparent, open danger, the knowledge of which is common to all, including a boy nine years of age; and there is no just view, consistent with recognized rights of property owners, which would compel one owning such water to fill it up or surround it with an impenetrable wall. Peters v. Bowman, 115 Cal. 349 (47 Pac. 113, 56 Am. St. R. 106).

4. To require all natural or artificial streams or ponds so located as to endanger the safety of children to be guarded in ordinary settled communities would practically include all streams and ponds, be they in public parks or upon private soil; for children are self-constituted li-

censees, if not trespassers, everywhere. The attractiveness of the water or its nearness to a public highway does not take it out of the rule. Edmond *v.* Kimberly-Clark Co., 159 Wis. 83, 88 (149 N. W. 760).

5. Perils of deep water are instinctively known, and if it be insisted that this boy, nine years of age, did not possess such ordinary discretion as fairly to appreciate his danger, then it may be urged with propriety that he should not have been allowed to go in the vicinity of a body of water. Indianapolis Water Co. *v.* Harold, 170 Ind. 170, 177 (83 N. W. 993).

6. The allegation that the defendants, on more than one occasion, invited the plaintiff in this case to take her family and go bathing in the lake, and that the invitation to her was renewed from time to time up to a short time before the death of her infant son, all of which was done in the presence of the son, should not be construed to mean that the defendants expressly invited the son to go upon the premises and bathe in this lake by himself, or in company with some one other than his mother.

7. The fact that children and others had been bathing in the lake for a long time, and that the defendant knew this and did not forbid them to do so, but permitted free swimming, bathing, and fishing in the lake, would not render those of the public, including the plaintiff's infant son who so used the lake, invitees of the defendants, expressly or impliedly from known customary permissive use.

8. While an invitation may be implied by a dedication, or may arise from known customary use in some instances, and may be inferred from conduct, if notorious or actually known to the owner or his authorized representative, or from any state of facts upon which it naturally and necessarily arises (*Smith* v. *Jewell Cotton Mill Co.*, 29 *Ga. App.* 461, 116 S. E. 17), still, to come under an implied invitation as distinguished from a mere license, the visitor must come upon the premises for the benefit, real or supposed, of the owner or occupant, or in a matter of mutual interest, or in the usual course of business, or for the performance of some duty. *Crossgrove* v. *A. C. L. R. Co.*, 30 *Ga. App.* 463 (118 S. E. 694). A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and who does not stand in any contractual relation with the owner of the premises, and who is permitted, expressly or impliedly, to go thereon merely for his own interest, convenience, or gratification. *Crossgrove* v. *A. C. L. R. Co.*, supra; *Petree* v. *Davison-Paxon-Stokes*, 30 *Ga. App.* 490, 492 (118 S. E. 697).

9. To the licensee no duty arises of keeping the usual condition of the premises up to any given standard of safety, except that they must not contain pitfalls, mantraps, and things of that character. *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607, 609 (58 S. E. 1060).

10. Applying these rulings to the facts of this case, the court below properly sustained the general demurrers of the defendants and dismissed the petition. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 1, 1933.

*Boyd W. Hargraves, Fariss & Langford,* for plaintiff.

*Maddox, Matthews & Owens, Rosser & Shaw,* for defendants.