36359. RICKS, by Next Friend *v.* BOATWRIGHT.

CARLISLE, J. No cause of action is stated in a petition in which the plaintiff seeks to recover for injuries alleged to have been received by her (a nine-year-old child) when she went upon the premises of the defendant for the purpose of visiting a guest of the defendant's motel, with the implied knowledge of the defendant, when she stuck her hand into the wringer attachment of an electrical washing machine which the defendant provided for the use of his motel guests and which the guest whom the plaintiff was visiting was operating, although it be alleged that the wringer was a dangerous, unguarded, attractive nuisance to small children. *Haley Motor Co.* v. *Boynton*, 40 *Ga. App.* 675 (150 S. E. 862), and cit. The plain-

268

tiff was at most a licensee. *Cook* v. *Southern Railway Co.*, 53 *Ga. App.* 723 (187 S. E. 274), and cit. "The owner of premises owes to a licensee no duty of keeping the condition of the premises up to any given standard of safety, except that they must not contain pitfalls or mantraps or things of that character." *Kinnebrew* v. *Ocean Steamship Co.*, 47 *Ga. App.* 704 (2) (171 S. E. 385), and cit. Such a petition shows no breach of a legal duty by the defendant owed to the plaintiff, and the trial court did not err in sustaining a general demurrer thereto.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 10, 1957—REHEARING DENIED MARCH 4, 1957.

*Sam G. Dettelbach, Joel J. Fryer,* for plaintiff in error.

*Bob Humphreys, Wm. H. Riddlespurger,* contra.

Paula Ricks, by her next friend, Mrs. Catherine Ricks, brought an action against B. P. Boatwright seeking to recover $50,000 in damages for enumerated personal injuries sustained by her. The material allegations of the petition as finally amended are substantially as follows: On or about July 4, 1955, at approximately 1:30 p. m., the plaintiff was taken by her father to the Boatwright Motor Court on Route 5, Moultrie, Georgia, for the purpose of leaving the plaintiff with a friend, Mrs. Jordan, a guest of the motel, who was to take care, look out for, and nurse the plaintiff while the plaintiff's father was absent. The plaintiff's father brought her on the premises of the defendant's motel in search of Mrs. Jordan, whom he located in the public washroom of the motel washing out certain clothing in an electric Maytag washing machine. The machine was in the public washroom of the motel for the purpose to which Mrs. Jordan was putting it, and for the use and convenience of all the guests of the motel. The plaintiff's father left her in the control and custody of Mrs. Jordan who allowed the plaintiff to accompany her into the public washroom to watch her while she continued to operate the electric washing machine. While the plaintiff was in the washroom, Mrs. Jordan turned her back to hang up some clothes to dry. The plaintiff became enticed by the revolving rollers of

the washing machine and as she touched the rollers, the plaintiff's right hand was caught therein and violently drawn through the rollers causing the plaintiff enumerated injuries, pain and suffering. At the time of the injury, the plaintiff was only nine years old and did not know and did not realize that there was any danger to her in doing what she did. The plaintiff and the plaintiff's father were good friends of the defendant and visited with him regularly. The plaintiff often came upon the defendant's premises and was always welcomed to do so. The defendant was extremely fond of the plaintiff and invited her to come upon his premises and gave her a "free run" of the entire area. The plaintiff was often on the defendant's premises and often in the public washroom. The defendant knew that the plaintiff came upon the premises and knew that she often entered the public washroom, having given the plaintiff a free run of his premises. The electric washing machine was of the type normally used for the purpose of washing clothes. The machine had a motor-operated wringer consisting of two rollers situated close together and made of hard rubber or some other hard material and operated at a rate of speed such as would pull the fingers, hand and arm of any person through the wringer if such person should touch the rollers. The wringer did not have a guard around the rollers, nor did the wringer have a safety device whereby the rollers could be automatically released in the event curious fingers of a child were caught therein. The defendant knew, or could have known had he exercised ordinary care, that the washing machine was dangerous because it lacked a guard over the moving rollers and a safety device to release the rollers in the event a child's fingers or hand should be caught therein. The electric washing machine with the wringer attached, which was maintained on the defendant's premises with his knowledge, was an attractive nuisance, inherently dangerous to children who would be attracted by and to it and the rollers on the machine were attractive to children because of their revolving. The machine was maintained in a place and at a height of approximately 30 inches that was within the reach of the curious fingers of children who were allowed entrance and access to the machine and the room in which it was maintained. The machine, as operated and main-

tained by the defendant, was a mantrap to all children coming on or about his premises. The defendant knew that the washing machine was dangerous to children, and was aware that the plaintiff frequented the public washroom in which the washing machine was operated, as the defendant had previously warned the plaintiff to keep her fingers and hands away from the washing machine. The defendant was negligent in the following particulars, which negligence was the direct and proximate cause of the injuries complained of by the plaintiff: (a) In maintaining the attractive nuisance and device dangerous to children at a height and within a place and in a manner which he knew or could have known with ordinary care and diligence to be dangerous and attractive to children who might be on or come on his premises; (b) In operating the machine without any guard to prevent children from coming in contact with it; (c) In operating the machine without a safety device on the wringer whereby the rollers could be disjoined in the event a child's hand was caught therein; (d) In being wilfully and wantonly negligent in allowing a mantrap to be present on his premises which was calculated to do damage and injury to children of tender years when in the exercise of ordinary care and diligence he should have known that the device was dangerous to children of tender years.

The trial court sustained the defendant's general demurrer and dismissed the petition and the plaintiff assigns error here on that judgment.