36936.   NECHTMAN *v.* WELLINGTON PLAZA, INC.

DECIDED JANUARY 16, 1958—REHEARING DENIED JANUARY 30, 1958.

*Vincent P. McCauley,* for plaintiff in error.

*Young & Hollis,* contra.

GARDNER, Presiding Judge. The question before this court is to determine the status of the plaintiff while on the premises of the defendant. If the plaintiff was a licensee on the premises, is the existence of a mantrap or pitfall, sufficiently set forth? Code § 105-402 provides: "A licensee is a person who is neither a customer, nor a servant, nor a trespasser, and does not stand

in any contractual relation with the owner of the premises, and who is permitted expressly or impliedly to go thereon merely for his own interest, convenience or gratification. The owner of such premises is liable to a licensee only for wilful or wanton injury."

The plaintiff calls our attention to *Cedartown Cotton & Export Co.* v. *Miles,* 2 *Ga. App.* 79, 81 (58 S. E. 289), *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607, 609 (58 S. E. 1060), *Rollestone* v. *Cassirer,* 3 *Ga. App.* 161, 167 (59 S. E. 442), *Petree* v. *Davison-Paxon-Stokes Co.,* 30 *Ga. App.* 490 (118 S. E. 697), and *Central of Ga. Ry. Co.* v. *Ledbetter,* 46 *Ga. App.* 500 (168 S. E. 81). (It will be noted that this court overruled the *Petree* case, supra, insofar as that case denominated a child accompanied by a parent as a licensee rather than an invitee. However, the overruling of that case in part does not affect what is said here). See also *Ga. Power Co.* v. *Deese,* 78 *Ga. App.* 704, 707 (51 S. E. 2d 724). These cases do not sustain the contentions of the plaintiff under the pleadings in this case. We might state that Liebling, an employee of B. Thorpe & Company, Inc., rental agency for the defendant, requested that the plaintiff take pictures of the alleged defect in the roadway at the shopping center. It is clear, without any supporting allegations in the petition, that Liebling was not an agent of the defendant but was only an employee of the rental agency. This is not sufficient to clothe Liebling or the rental agency with authority to bind the defendant. In order to establish agency three things are necessary: (1) By pleading the facts from which agency may be established; (2) By pleading that the principal, through its agent, did the act; and (3) By pleading that the act was done by the alleged agent in the prosecution of the principal's business and within the scope of his agency. In the instant case the pleadings reveal clearly that Liebling had no authority to bind the defendant by inviting the plaintiff to photograph the premises. Liebling's authority could be no greater than that of his employer, B. Thorpe & Company, Inc., who are described in the petition only as a rental agency of the defendant. See *Rothberg* v. *Manhattan Coil Corp.,* 84 *Ga. App.* 528, 535 (66 S. E. 2d 390). The petition fails to show any request or license to the plaintiff from the defendant to come upon the premises based upon any agency on the part of Liebling.

The contentions of the plaintiff that the ditch was a mantrap

are not supported by the allegations of the petition. Our attention is called to many decisions but we see no necessity of going into them in view of the record of this case. It is our view that the plaintiff was not entitled to recover under any theory of the case as pleaded here.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*