40885. FICKLING v. CITY COUNCIL OF AUGUSTA et al.

Decided September 23, 1964.

*Lanier, Powell, Cooper & Cooper, Jack L. Cooper, Oscar H. Allen,* for plaintiff in error.

*Cumming, Nixon, Eve, Waller & Capers, Samuel C. Waller, Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler,* contra.

HALL, Judge. The law imposes on owners and occupiers of land the duty not to expose persons to *unreasonable* risks of harm created by conditions on the land. Prosser on Torts,

2d Ed., 119, § 30; 2 Harper & James, The Law of Torts 1453, § 27.5; Restatement, Torts 925, § 339, Comment on Clause (d). Many decisions upon facts similar to those stated in this petition have held that owners and occupiers of land have no duty to take affirmative action to protect persons whom they do not invite on the land from the hazards of a pond. The reasoning of these decisions, some of which are cited infra, is that the maintenance of a pond does not expose persons not invited on the land to an *unreasonable* risk of harm; hence the owner or occupier does not have a duty to protect persons—even small children—not invited on the land, from hazards that may exist from the presence of a pond of water.

The attractive nuisance doctrine does not apply to ponds or other water hazards. *McCall v. McCallie,* 48 Ga. App. 99 (171 SE 843); *Savannah F. & W. R. Co. v. Beavers,* 113 Ga. 398 (39 SE 82, 54 LRA 313); *St. Clair v. City of Macon,* 43 Ga. App. 598 (159 SE 758); *Crawford v. Pollard,* 55 Ga. App. 702 (191 SE 162). This is true regardless of the location of the pond or water hazard with a traveled way or its general accessibility. *McCall v. McCallie,* 48 Ga. App. 99, supra; *Crawford v. Pollard,* 55 Ga. App. 702, supra. The artificial character of the water hazard has no bearing on liability or nonliability. *McCall v. McCallie,* 48 Ga. App. 99, supra. A deep hole or ledge under water imposes no liability upon the landowner for the drowning of a child either under the attractive nuisance doctrine or on the theory of actual negligence. *McCall v. McCallie,* 48 Ga. App. 99, supra. Neither does the fact that the water in which the child drowned was muddy. *Savannah, F. & W. R. Co. v. Beavers,* 113 Ga. 398, supra. Even the fact that children are accustomed to play at the place of danger with knowledge of the owner gives rise to no implied invitation. *St. Clair v. City of Macon,* 43 Ga. App. 598, supra; *McCall v. McCallie,* 48 Ga. App. 99, supra; *Crawford v. Pollard,* 55 Ga. App. 702, supra.

The facts of this petition do not show a duty of care owed by the defendants to the plaintiff's decedent and therefore do not state a cause of action for negligence. The trial court did not err in sustaining the defendants' general demurrers.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*