*Andrew J. Hill, Jr.*, for appellees.

A95A2179. WELLS et al. v. LANDMARK AMERICAN
CORPORATION.
(470 SE2d 711)

RUFFIN, Judge.

Geri Wells sued Landmark American Corporation ("Landmark") for the wrongful death of her 11-year-old son, Christopher, who drowned in floodwaters flowing from a creek located near Landmark's property. Accompanied by two friends, Christopher entered part of the approximately 800 acres Landmark owned and began walking along a dirt road into woods on the property. Christopher had been in this area on one other occasion. Eventually the dirt road forked, and at that point, the boys could see the creek. After exploring the left fork, the boys took the right fork where the road became covered with water. Christopher took off his shirt, and although he could not swim, he started playing in the water which came three to four inches above his knee. He then slipped, went under the water, and apparently drowned in a current from the creek. Mrs. Wells sued Landmark for its failure to maintain an adequate gate around the property and post any warning or trespass signs. The trial court granted summary judgment to Landmark, and Wells appeals. Because we find that the record does not support Wells' claim for attractive nuisance or simple negligence, we affirm.

1. Wells contends the trial court erred in finding that no material issue of fact existed with respect to the applicability of the attractive nuisance doctrine. We disagree.

Under the attractive nuisance doctrine, a landowner may be liable for physical harm to trespassing children caused by an *artificial* condition upon its land if certain conditions are met. The theory "expressly imposes liability only for physical harm to trespassing children which is 'caused by *an artificial condition upon the land*. . . .' . . . [Cit.] The theory clearly does not apply to *natural* water conditions which exist on private property. See generally *Wren v. Harrison*, 165 Ga. App. 847, 848 (303 SE2d 67) (1983) (distinguishing between natural ponds or water hazards and an unfenced swimming pool in a residential area)." ( Emphasis in original.) *Biggs v. Brannon Square Assoc.*, 174 Ga. App. 13, 14-16 (1) (329 SE2d 239) (1985). We have held this to be true in the case of a nine-year-old who drowned in a pond on property with no warning sign and unrestricted access from the adjacent road. *Fickling v. City Council of Augusta*, 110 Ga. App. 330 (138 SE2d 437) (1964). Thus, the doctrine did not apply in this case because the creek was not an artificial con-

dition upon Landmark's property. Wells also argues that the dirt path upon which the boys traveled, described by Christopher's companions as a dirt trail and dirt road, was part of the attractive nuisance because it led to the water. A dirt trail or road, however, is likewise a natural condition to which the doctrine would not apply. *Biggs*, supra. For the foregoing reasons, the court did not err in granting summary judgment on Wells' attractive nuisance claim.

2. Wells also contends the trial court erred in granting summary judgment on her simple negligence claim. Citing *Biggs*, supra, Wells argues that because the area where Christopher drowned was used by neighborhood residents for hunting and for riding motorcycles and go-carts, Landmark impliedly consented to the property's use as a recreational area; thus, her son was a licensee rather than a trespasser and a material issue of fact exists with respect to Landmark's duty. We disagree.

We first note that it is unclear from the deposition testimony Wells cites whether some part of Landmark's property or the neighboring ball fields were used as a recreation area. Construing the evidence most favorably for Wells and assuming that the dirt road upon which the boys walked was used in this fashion, we cannot say as we did in *Biggs* that the evidence of record shows that "the [area and] path had been *so long* used by the public as a [recreation area] that the owner must have known that it was so used and have impliedly consented to its use." (Citations and punctuation omitted; emphasis supplied.) Id. at 15. This is particularly true given the testimony of Landmark's corporate representative, William Merrill, that he did not know children played in the area and that the company had called the police to remove trespassers from its property. See also *Fickling*, supra (fact that owner knows children are accustomed to play at the place of danger gives rise to no implied invitation).

However, even if Christopher was a licensee, summary judgment was still proper. Wells argues that "[b]y removing a gate, taking down all posted warning signs in the area, and leaving a dirt roadway, a question of fact arises as to whether [Landmark] . . . acted negligently. . . ." As the trial court noted in its order, there is no evidence that Landmark removed any existing signs or any portion of the gate which formerly stood at the entrance the boys used. Moreover, as Wells concedes, the alleged deficiencies raise the question of negligence and "[a] licensee cannot recover by showing that the defendant was merely negligent, but must show that the defendant wilfully and wantonly injured him. . . . An owner owes to a licensee no duty as to the condition of the premises save that he should not knowingly let him run upon a hidden peril or wilfully cause him harm." (Citations and punctuation omitted.) *Harrison*, supra at 848. There is no evidence Landmark was aware of any hidden peril nor

that it knowingly let the boys encounter such peril. Indeed, Wells concedes that Landmark's duty arises from the foreseeability of an injury occurring on its premises. There is no evidence that Landmark was aware that the dirt road was subject to flooding when it rained or when the creek overflowed, of the creek's propensities, or that children played in the area. Cf. *Wade v. Mitchell*, 206 Ga. App. 265 (424 SE2d 810) (1992) (because owner was aware that potentially dangerous act was performed on his property he could foresee injury). "A warning by [Landmark] [that the road was subject to flooding] would not have apprised [Christopher] of anything he [could not see]. . . . [Landmark] was not under any duty, with respect to [a] licensee, to keep the premises up to any particular standard of safety. Under the law [the decedent] took the premises as he found them. No dangerous act was being [committed] by [Landmark]." (Citation and punctuation omitted.) *Biggs*, supra at 18. For the foregoing reasons, the trial court did not err in granting summary judgment on Wells' negligence claim.

Finally, Wells contends that the trial court erred in granting summary judgment on her negligence claim because Landmark's property contained mantraps and pitfalls. However, Wells did not raise the mantrap/pitfall argument below simply by citing a case which recites the proposition that a landowner should not knowingly let a licensee run upon a hidden peril. Thus, she cannot raise it on appeal. Furthermore, the evidence does not show that Landmark maintained "a dangerous instrumentality . . . or recklessly expose[d] a licensee to a dangerous and deceptive situation amounting to a hidden peril in the nature of a mantrap, pitfall or the like, with the knowledge that children are in the habit of [playing] there for amusement. . . ." *Clinton v. Gunn-Willis Lumber Co.*, 77 Ga. App. 643, 648-649 (49 SE2d 143) (1948).

Accordingly, the trial court did not err in granting summary judgment to Landmark.

*Judgment affirmed. Pope, P. J., concurs. Beasley, C. J., concurs in the judgment only.*

DECIDED MARCH 14, 1996 —
RECONSIDERATION DENIED MARCH 29, 1996 — 

*Raiford, Dixon & Thackston, Sheldon K. Fram*, for appellants.
*Long, Weinberg, Ansley & Wheeler, James H. Fisher II, Laura S. Jones, Christopher J. Graddock, Levine & Block, Stephen H. Block*, for appellee.