WILLIAM W. CLARK, executor, plaintiff in error, vs. AUGUS-
TUS H. LEE, defendant in error.

We do not think there was any abuse of the discretion of the court in
requiring the plaintiff to write off the damages given by the verdict, as
a condition to avoid the judgment for a new trial.

New trial. Damages. Claim. Before Judge HALL.
Newton Superior Court. September Term, 1873.

For the facts, see the preceding case.

CLARK & PACE; PEEPLES & HOWELL, for plaintiff in
error.

J. J. FLOYD, for defendant.

TRIPPE, Judge.

The claimant interposed his claim in November, 1869.
One ground on which he relied was that he was a *bona fide*
purchaser, and had been in possession of the land more than
four years before the levy was made. The facts proved show
that he was in such possession. The decisions of the courts
from that time to 1873 was that section 3525, Revised Code,
had never been suspended by any of the acts suspending the
statutes of limitation, and that, therefore, such a possession
from 1860 to 1864, or from 1864 to 1868, would discharge
the land from the lien of the judgment. It is true these de-
cisions were not made in cases of mortgage judgments; but
whether mortgage judgments are or are not within the pro-
visions of section 3525, which it is not necessary to pass upon
in this case, it cannot, under the decisions as they then stood,
be charged that a claimant, who made the issue that they did
come within said section, interposed his claim for delay only.
It was not a matter of vexatious litigation for a suitor to ask
for a judicial determination of the question.

A contrary ruling to *Chapman vs. Akin*, 39 *Georgia*, 347,
was not made until late in June, 1873, when it was held that

said section was suspended during the war. This case was tried in September, 1873. It does not appear that the decision made in June as to this particular point was known to the parties at the time of the trial. Indeed, from the fact that it appears from the record that the case was made to turn upon the point whether mortgage judgments were included in said section and controlled by the former decisions, and that the charge of the court was confined to this view, it is to be presumed that the latter decision had not obtained general publicity. If so, and taking into consideration the shortness of the time between that decision and the trial of this case, it would be hard to say that the claimant was litigating for delay only. This seems to be the view that the judge who tried the case took of the matter when he required the plaintiff in execution to write off the damages given by the jury, or directed that a new trial should be granted.

Judgment affirmed.