## 1382.   CLARKE *v.* THE STATE.

1. An assignment of error, objecting to certain remarks made by the solicitor in his argument in a criminal case, without showing that some objection was made to the remarks at the time they were uttered, or some action was invoked of the court which was refused, will not be considered by this court.
2. On the trial of one charged with a violation of the act of 1903 in obtaining money on a fraudulent promise to perform a contract of service, evidence that three years previously the defendant had filed a plea of guilty, to an accusation charging him with a violation of the same act, the transactions being in no way related one to the other, but entirely separate and distinct, was irrelevant and inadmissible, as it did not tend. in any way to illustrate the intent of the accused in the transaction for which he was then being tried.

Accusation of misdemeanor, from city court of Leesburg—Judge Long.   August 26, 1908.

Submitted October 8,—Decided October 26, 1908.

*Howell B. Simmons,* for plaintiff in error.

*W. G. Martin, solicitor,* contra.

HILL, C. J.   Charlie Clarke was convicted of a violation of the act of 1903 (Acts 1903, p. 90), in obtaining money on a fraudulent promise to perform his contract of labor.  His motion for a new trial was overruled.  The testimony against him was that of the prosecutor, who stated, that the defendant had worked for him under contract from January until the 6th day of July, 1907; that on the latter day his contract was up, and he wanted some money, and, having three weeks more work on the farm, which he wanted him to do, he advanced him $4, on his promise that he would work for him for three weeks at the rate of $13.50 per month and three and a half pounds of meat, etc.; and that on the day he agreed to begin work, he moved off the prosecutor's farm, and did not do the work or return the money.  The prosecutor further testified that he gave him no cause to leave.  This testimony, under the terms of the act, was sufficient to raise a presumption of guilt; and the defendant made no statement and offered no evidence in rebuttal.  The solicitor seemed not satisfied with the presumption of guilt, and offered in evidence the docket of the county court, containing an entry showing that the defendant then on trial had three years previously filed a plea of guilty, to an accusation charging him with a violation of the same statute.  This evidence was admitted, over the objection of the defendant, who insisted that the offenses were entirely distinct, and not in any manner related to each other, and that it did not illustrate any issue in the case.  The admission of this evidence is made one of the grounds in the motion for new trial.  Another ground in the motion for new trial contends that it was error for the solicitor, in opening the case to the jury, to state that "he expected to show that the defendant was an old offender." This assigns error in the remark of the solicitor, but does not assign error in any judgment of the court in reference to the remark.  No allegation is made that the remark was objected to at the time, or that any ruling of the court was invoked or was made on the same.  We decide the points in the case in the inverse order in which we have stated them.

1.   The remark of the solicitor, in opening the case to the jury, that "he expected to show that the defendant was an old

offender," was, of course, objectionable. But it does not appear that any objection was made to the remark at the time, or that any ruling of the court was invoked or made thereon. Having permitted the remark to be made without objection, and not asking the court either to declare a mistrial or to instruct the jury that they could not consider such remark, the defendant can not thereafter make it a ground for new trial.

2. The court erred in admitting in evidence the docket showing that three years previously the defendant had filed a plea of guilty to an accusation charging an offense of a similar character to the one for which he was then on trial. It is a general rule that upon the trial of a person for a criminal offense, other and distinct transactions can not be given in evidence against him; and this rule is relaxed or modified only when the transactions are so connected in time or so similar in their other relations that the same motive may be reasonably imputed to both. *Farmer* v. *State,* 100 *Ga.* 41 (28 S. E. 26), and cases cited. But we can not think that evidence that three years before the commission of the offense for which the defendant was then on trial, he pleaded guilty to fraudulently obtaining from another person money on another contract, the two offenses being in no way connected or related, is within the reason of the exception to the general rule above stated, or tends in any way to illustrate the intent of the accused in the transaction for which he was then being tried. We think the admission of this evidence was prejudicial error, and for that reason a new trial should have been granted.

There is no merit in the motion to dismiss the writ of error.

*Judgment reversed.*