2123.　GREAT COSMOPOLITAN SHOWS *et al. v.* PETTY.

1. No harmful error was occasioned to the defendant in the court below by any ruling on the demurrer.
2. While it is true that the fact of the defendant's having remedied a condition from which an injury resulted can not be given in evidence against him as an admission of negligence, yet, when the facts disclosed by the change have a distinct relevancy to the issue, they may be received in evidence.
3. The verdict is not without evidence to support it.

Action for damages—appeal; from Terrell superior court—Judge Worrill. August 2, 1909.

Submitted December 6,—Decided December 24, 1909.

*W. H. Gurr,* for plaintiffs in error.　　*M. C. Edwards,* contra.

POWELL, J.  1.  To state the plaintiff's testimony, as gathered from the brief of the evidence: He was "traveling east," he had approached "Lee and Stonewall," had gone through the narrow space to the right of the "Ghost Show," had passed between the "Snakes" and the "Crazy House," and was trying to pass in front of the "Holy City," when the accident happened.  (No; it was not a case of delirium tremens; nor was he being initiated into a secret order; he was trying to pass along the public streets of the city of Dawson in an automobile, at a time when the streets were being partially occupied by the various attractions of a street carnival.)  It was after nightfall; but, contrary to certain familiar traditions, there was no light on either the inside or the outside of the "Holy City."  His automobile came in contact with certain guy-ropes and tent pins (appurtenances of the "Holy City"), which were set out in that portion of the street he was trying to pass, and which he did not see, on account of the darkness.  The automobile sustained a severe rupture in the region of its mechanical viscera, besides other injuries, not fatal, but more or less serious.  The owner of the automobile secured an attachment against the proprietor of the shows, and particularly of the "Holy City," laying his damages at $95.  He filed his declaration in the justice's court, setting out the general nature of the injury, and stating the various items expended in repairs.  After a trial in the justice's court, the case was appealed to the superior court.  In the superior court the defendant filed a general and special demurrer to the declaration.  The judge overruled it, apparently on the ground that no such point had been made on the sufficiency of the declaration in the justice's court.  The gravamen of this demurrer is that the plaintiff does not allege that he himself was in the exercise of ordinary diligence,—in other words, does not negative his own contributory negligence.

Except in cases of railway employees injured by the negligence of fellow servants and suing under our statutes governing that subject, contributory negligence is an affirmative defense, and it is generally not necessary for the plaintiff to negative its existence in his petition.  The rest of the demurrer was largely "speaking," and for that reason was not permissible.  Beyond this, it was merely an attempt to compel the plaintiff to amplify his general statements.  We have concluded that the declaration was adequate to

comply with the requirements of justice's-court procedure, and therefore was adequate on appeal, and that the court did not err in overruling the demurrer, irrespective of whether the particular ground on which he put his ruling is good or not.

The defendant pleaded an ordinance of the city of Dawson, regulating automobiles. A part of this ordinance prescribes the duty of owners and drivers of automobiles, in relation to animals hitched to vehicles. The court struck so much of the defense as set up this portion of the ordinance, and, by exception pendente lite, objection is made to this action of the court. No error. The "Holy City" can hardly be regarded as within the same class as animals hitched to vehicles. Indeed, it developed on the trial that no portions of the ordinance were relevant to the transaction as it actually occurred. We conclude, therefore, that the court committed no material error as to the rulings on the demurrers.

2. The court allowed the plaintiff to prove that after the accident the pins of the "Holy City" were moved closer in to the tent. Objection was made to this, on the ground that it is not competent to show that a defendant, after an accident, has repaired the alleged defect. If the testimony had been offered as an admission against the defendant, or as testimony in the nature of an admission that the original placing of the pins was negligent, the rule would have been applicable, and the testimony should have been excluded; but it affirmatively appears that the court admitted the testimony only for the purpose of showing that the pins so re-located securely held the tent, and therefore there was no necessity that they should have been located so far out in the street in the first instance; and, in this view, there was no error in admitting the evidence.

3. We know of no better tribunal than a petit jury to solve the questions of negligence and contributory negligence growing out of a transaction ex delicto between an automobile and a circus. No complaint is made as to the charge of the court. There was evidence from which the jury might have found a larger sum than they did in the plaintiff's favor, and there were theories of the evidence on which they could have found a smaller sum, and even nothing at all. The jury settled the controversy by awarding the plaintiff $50; and we do not feel that we have any duty or power to interfere with this finding.     *Judgment affirmed.*