KELLEY *v.* BLACK.

. No. 16068.   APRIL 17, 1948.

*J. Ralph McClelland Jr.* and *George & John L. Westmoreland,* for plaintiff in error.

*J. C. Bowden* and *A. G. Smith,* contra.

BELL, Justice. ■ In determining whether the petition was good against general demurrer, we will consider first what duty, if any, was owed by the defendant to the plaintiff's child, and this will in turn involve a consideration of the relationship that existed between them at the time the child was injured.

The case has been argued mainly upon the theory that the child was a licensee. We are of the opinion, however, that the allegations were sufficient to show that he was upon the premises as a matter of right, and therefore that the defendant owed him the duty of ordinary care. If the judgment overruling the general demurrer was right for any reason, it should be affirmed. *Coker* v. *Atlanta,* 186 *Ga.* 473 (1) (198 S. E. 74).

It appears from the allegations that, at the time the plaintiff's husband purchased the property from the defendant on November 17, 1944, it was understood and consented to by the defendant that she would surrender possession on or about December 1, 1944, and it was further agreed that he, the purchaser, could and would go on the property so purchased for the purpose of cleaning off rubbish, weeds, grass, and such waste matter as might be in the back yard. Whether after such alleged purchase and sale the defendant retained possession of the premises as owner, or as a tenant of the purchaser, it thus appears that the latter acquired such right to go upon the property, as a matter of contract, and hence for a valuable consideration. See, in this connection, *Keith* v. *Catchings,* 64 *Ga.* 773 (3); *Prichard* v. *Tabor,* 104 *Ga.* 64 (2) (30 S. E. 415); *Anderson* v. *Hilton & Dodge Lumber Co.,* 121 *Ga.* 688 (1) (49 S. E. 725). The purchaser was, therefore, not himself a mere gratuitous invitee; nor did

the right which he acquired involve such a personal or confidential relation that only he in person could exercise it. Accordingly, in exercising such contractual right to go upon the premises for the purpose of cleaning off the yard or garden as stated, he had the incidental right to take this child (now deceased) along to help him, just as he could have taken an employee. It follows that the child, like his father, was lawfully on the premises, and was neither a gratuitous invitee, nor a mere licensee. Code, § 85-1803; *Crook* v. *Foster,* 142 *Ga.* 715 (2) (83 S. E. 670). See also, in this connection, 32 Am. Jur. 185, 187, §§ 195, 199; 10 A. L. R. 715, 716.

"Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such person for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Code, § 105-401.

From what has been said, the allegations of the petition were sufficient to show that the defendant owed to the plaintiff's child the duty of ordinary care to keep the premises safe.

The petition further alleged in effect that, notwithstanding the defendant knew that the father had elected to exercise the right which she had granted to him, and that he and the children had begun to gather and burn the dead growth, she threw the can of anti-freeze into the back yard of her home, at a place which had formerly been used as a garden, and which at that time had a heavy coating of dead growth, and that while the growth was burning, the can of anti-freeze became ignited and exploded, with the result that the child was so severely burned that he died nine weeks later.

Although the petition did not allege that the defendant actually knew that the anti-freeze was dangerous, it did allege that she knew or should have known that it was highly inflammable, and would explode if and when coming in contact with fire. This was a sufficient allegation as to knowledge, in view of other allegations showing that the defendant owed to the child the duty of ordinary care to keep the premises safe. *Cedartown Cotton &c. Co.* v. *Miles,* 2 *Ga. App.* 79 (1), 82 (58 S. E. 289); *Pacetti* v. *Central of Georgia Railway Co.,* 6 *Ga. App.* 97 (1)

(64 S. E. 302) ; *Fulton Ice & Coal Co.* v. *Pece*, 29 *Ga. App.* 507 (2a) (116 S. E. 57). The rule is different where such duty of ordinary care does not arise merely from the legal relation. *Babcock Bros. Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (6) (48 S. E. 438) ; *Central of Georgia Railway Co.* v. *Tapley*, 145 *Ga.* 792 (2) (89 S. E. 841).

The allegations were sufficient to state a cause of action, and the court did not err in overruling the general grounds of demurrer.

Since we have construed the petition as showing that the child was an invitee, no ruling is necessary and none is made as to whether it would have stated a cause of action if it had shown that the child was only a licensee.

■ The allegations in paragraph 10 of the petition related almost entirely to res gestæ, and were expressly made for the purpose of "showing the extent, effect, . . and severity of said explosion, . . the contents in said can." The court did not err in overruling the special demurrer assailing this paragraph as a whole, on the ground that the allegations were not germane and were prejudicial. *Steed* v. *Harris*, 52 *Ga. App.* 581 (2), 582 (183 S. E. 847) ; *Miller* v. *Southern Railway Co.*, 21 *Ga. App.* 367 (4) (94 S. E. 619) ; *Southern Railway Co.* v. *Phillips*, 136 *Ga.* 282 (1) (71 S. E. 414). In so far as other grounds of special demurrer were meritorious, they were met by the plaintiff's amendment.

*Judgment affirmed. All the Justices concur, except Duckworth, P. J., who dissents.*