### 42195. AMUSEMENTS OF AMERICA v. SCHATZ, by Next Friend.

HALL, Judge. This is a negligence action against a business proprietor who operated rides and entertainment devices at a carnival. The plaintiff was riding in a whirling type ride

called the "Scrambler" and was injured when the gate opened and she fell to the ground.

1. Several enumerations of error involve the question whether it was error for the trial court to refuse to permit the defendant's counsel to argue in opening and closing statements to the jury, and to refuse and fail to instruct the jury in its charge, to the effect that the plaintiff could not recover any medical expenses as damages in this action, which was brought for damages for pain and suffering only. It would have been permissible for the court to allow defendant's counsel to point out to the jury that they could not award any damages in this case for the medical care of the plaintiff. See *Hightower v. Landrum,* 109 Ga. App. 510, 514 (136 SE2d 425). However, the plaintiff did not introduce any evidence of medical expenses, and the court correctly charged on the measure of damages recoverable by the plaintiff. It does not appear that the court's rulings enumerated as error were error or harmful to the defendant. *Champion v. State,* 21 Ga. App. 656 (94 SE 828) ; cf. *Georgia Power Co. v. Puckett,* 181 Ga. 386, 390 (182 SE 384).

2. Testimony of a witness that about two minutes after the occurrence she heard a man, whom the witness could not identify, ask the operator of the ride why he hadn't put the seat belts in the cars, and told him to put them in immediately, and that the witness saw the operator putting the seat belts in a little while later, was admissible to support the plaintiff's contention, which was disputed by the defendant, that when the plaintiff rode the "Scrambler" there were no seat belts visible to her. The trial court did not err in admitting the evidence for this purpose only. *Amos v. State,* 14 Ga. App. 589 (81 SE 903) ; *United Motor Freight Terminal Co. v. Hixon,* 77 Ga. App. 506, 510 (48 SE2d 769) ; 31A CJS 990, 992, Evidence, § 410. The court was not required to exclude the evidence as tending to prove that the defendant in making a change thereby admitted negligence in that its equipment was deficient. *Great Cosmopolitan Shows v. Petty,* 7 Ga. App. 236, 238 (66 SE 624). See *Atlantic C. L. R. Co. v. Sellars,* 89 Ga. App. 293, 297 (79 SE2d 35).

3. The trial court did not abuse its discretion in denying the defendant's motion for mistrial because of the remark made by plaintiff's counsel in objecting to the defendant's counsel's manner of questioning a witness: "I don't want this attorney

teaching the witness . . . what to say." We cannot say that this remark made the grant of a mistrial essential to the preservation of the right to a fair trial. *Miller v. Coleman,* 213 Ga. 125, 130 (97 SE2d 313); *Bostick v. Usry,* 221 Ga. 647 (146 SE2d 882); *Fievet v. Curl,* 96 Ga. App. 535, 537 (101 SE2d 181). This remark was not a comment by counsel on the evidence and the witness' credibility, as the remark that was held to require a mistrial in *Smith v. Rothschild & Co.,* 13 Ga. App. 293, 297 (79 SE 88), was said to be.

4. The trial court did not err in failing to charge the jury the law of accident. The defendant did not plead in its answer that the occurrence in which the plaintiff was injured was not caused by negligence of either the plaintiff or the defendant, but was what the law regards as an accident. The defendant contends that there was evidence authorizing a finding that the occurrence was an accident. "The court is not required, in the absence of a timely written request therefor, to instruct the jury as to issues made by the evidence alone." *Thomas v. Barnett,* 107 Ga. App. 717 (7), 730 (131 SE2d 818); *Wilensky v. State,* 15 Ga. App. 360 (83 SE 276); *A. G. Boone Co. v. Owens,* 54 Ga. App. 379, 384 (187 SE 899); *Hewitt v. Davis,* 97 Ga. App. 97, 102 (187 SE 899); *Bibb Transit Co. v. Scott,* 101 Ga. App. 352, 357 (114 SE2d 43).

5. The irregularity in polling the jury alleged in enumeration of error number 15 was not reversible error. Cf. *Russell v. State,* 68 Ga. 785.

6. The verdict of $10,750 was not excessive as a matter of law requiring the grant of a new trial. *Atlanta & W. P. R. Co. v. Gilbert,* 82 Ga. App. 244, 248 (60 SE2d 787).

7. The evidence did not demand a verdict for the defendant. The trial court did not err in overruling the defendant's motions for directed verdict and for judgment notwithstanding the verdict.

8. Other enumerations of error Nos. 9, 10 and 11 are not supported in the defendant's brief by citation of authority or argument and are deemed to be abandoned. Rule 17 (c) (2) of the Court of Appeals, effective August 1, 1965.

*Judgment affirmed. Nichols, P. J., and Deen, J., concur.*

Argued September 12, 1966—Decided October 20, 1966—Rehearing denied November 16, 1966—

630

*Martin, Snow, Grant & Napier, George C. Grant, Hendley V. Napier,* for appellant.

*S. Gus Jones, Neal D. McKenney,* for appellee.