42643. MURRAY BISCUIT COMPANY, INC. v. HUTTO, by Next Friend.

Argued March 8, 1967—Decided May 24, 1967—
Rehearing denied June 13, 1967—

*Fulcher, Fulcher, Hagler, Harper & Reed, William C. Reed,
McGahee & Plunkett, Paul K. Plunkett, James T. Wilson, Jr.,*
for appellant.

*Hull, Towill & Norman, Patrick J. Rice,* for appellee.

Quillian, Judge. ██ The appellant contends the petition
shows the plaintiff to be a trespasser to whom it owed no duty
in the absence of actual knowledge of his perilous position. It
is further argued that the action was predicated upon ordinary
or simple negligence which is a lesser degree of negligence than

is required in order to permit a recovery for injuries to a. trespasser. For these reasons it is insisted the general demurrer should have been sustained.

With this contention we cannot agree. Here, the petition alleged: "By virtue of the custom, intents and purposes of the defendant there was an implied invitation extended to McKinley Hutto to come onto the exact premises where he was injured. . . . The defendant had on numerous previous occasions allowed employees' and visitors' children of tender years to be present in the same premises wherein McKinley Hutto was injured and knew that such children of employees and visitors were often on said property and in the immediate area wherein McKinley Hutto was injured." These allegations are sufficient to place the plaintiff in the status of a licensee. *Atlantic Ice & Coal Co. v. Harris,* 45 Ga. App. 419 (165 SE 134); *Starland Dairies v. Evans,* 105 Ga. App. 813 (125 SE2d 682).

The petition alleged that the plaintiff was a two-year-old child and that the defendant's supervisory personnel had actual knowledge of his presence. As to a licensee whose presence is discovered and after his position of peril is known, or should have been known, it may be wilful or wanton to fail to exercise ordinary care to prevent injuring him. "The fundamental concept in this class of cases, as in that of trespassers, is of a liability only for wilful or wanton injury; but it is usually wilful or wanton not to exercise ordinary care to prevent injuring a person who is actually known to be, or reasonably is expected to be, within the range of a dangerous act being done." *Mandeville. Mills v. Dale,* 2 Ga. App. 607, 609 (58 SE 1060).

After the defendant was aware of the plaintiff's presence on the premises, his size and age were to be considered in determining what ordinary care required of the defendant. *Southern R. Co. v. Chatman,* 124 Ga. 1026, 1037 (53 SE 692, 6 LRA (NS) 283, 4 AC 675). "As to an infant, as in this case, the owner of premises on which a dangerous thing exists may in legal duty be bound to use a greater quantum of precaution in behalf of such infant licensee than he would in behalf of an adult invited guest. . . . While as a general rule it has been said that a property owner is under no higher duty to an infant licensee than is im-

posed on him with respect to an adult licensee, the circumstances of the particular case may be such as to impose on him a higher duty with respect to an infant licensee who is of such tender age that he is unable to appreciate and avoid danger." *Cook v. Southern R. Co.*, 53 Ga. App. 723, 727 (187 SE 274); *Ashworth v. Southern R. Co.*, 116 Ga. 635 (43 SE 36, 59 LRA 592); *Etheredge v. Central of Ga. R. Co.*, 122 Ga. 853 (50 SE 1003).

The appellant also insists that there is no allegation that the defendant had actual knowledge of any peril or danger to the plaintiff. This contention is based on the fact that the petition alleged that the defendant's supervisory personnel knew or should have been aware of the plaintiff's immediate danger. An allegation of actual knowledge was not necessary because the duty to exercise ordinary care arose when the plaintiff's presence was discovered and he was known, or reasonably expected to be, within range of a dangerous act being done. *Mandeville Mills v. Dale*, 2 Ga. App. 607, 609, supra.

The petition set forth facts sufficient to present a question for the jury whether the defendant was negligent in the particulars alleged. The trial court did not err in overruling the general demurrer.

■ Assigned as error was the overruling of the special demurrer to Paragraph 3b which states: "The defendant had on numerous previous occasions allowed groups of school children of tender years to be present in the aforesaid premises, and knew that such school children made periodic visits to said property; that they were in danger from unguarded machines of the type which injured McKinley Hutto; but said defendant made no effort to prevent the presence of said school children or to make the premises safe for them."

In a suit for damages arising out of the defendant's alleged negligence, generally similar acts or omissions on other occasions are not germane, because the issue before the court is the negligence or non-negligence of the defendant at the time and place in question. *Cox v. Norris*, 70 Ga. App. 580, 583 (28 SE2d 888). It was error to overrule the special demurrer.

■ The remaining enumeration of error is without merit.

*Judgment affirmed in part; reversed in part. Jordan, P. J., and Deen, J., concur.*