43851. MURRAY BISCUIT COMPANY, INC. v. HUTTO, by Next Friend.

ARGUED SEPTEMBER 3, 1968—DECIDED FEBRUARY 24, 1969—
REHEARING DENIED MARCH 14, 1969.

*Fulcher, Fulcher, Hagler, Harper & Reed, William C. Reed, McGahee & Plunkett, Paul K. Plunkett,* for appellant.

*Hull, Towill & Norman, Patrick J. Rice, Julian B. Willingham,* for appellee.

EBERHARDT, Judge. ■ In a prior appeal we upheld the peti-

tion on the basis that the allegations were sufficient to place plaintiff in the status of a licensee; that liability in this class of case, as in that of trespassers, is only for wilful or wanton injury; and that it is usually wilful or wanton not to exercise ordinary care to prevent injuring a licensee who is actually known to be, or reasonably is expected to be, within the range of a dangerous act being done. *Murray Biscuit Co. v. Hutto*, 115 Ga. App. 870 (156 SE2d 132).

The first consideration on this appeal after trial must be given to the status which plaintiff occupied at the time of his injury. As determinative of this issue the parties address themselves to the question of whether or not the evidence is sufficient to show a custom on defendant's part of allowing children of tender years to be present in the production area where the injury occurred. Contending that such a custom was sufficiently shown, plaintiff argues that he was therefore an invitee by implication rather than a trespasser or licensee; and, citing *Anderson v. Cooper*, 214 Ga. 164 (104 SE2d 90), he states in his brief that "The real question, therefore, is did the defendant's actions fairly indicate to Mrs. Hutto that it was permissible to bring her child into the plant."

However, far from approving a mere "permission" test, the Supreme Court in the *Anderson* case utilized what has been called the "economic benefit"[1] criterion as supporting the invitee status of the minor plaintiff who was carried by his father into defendant's bakery shop where he was injured. In developing the test to be applied in that case the court quoted from *Coffer v. Bradshaw*, 46 Ga. App. 143, 148 (167 SE 119) and *Crossgrove v. A. C. L. R. Co.*, 30 Ga. App. 462 (118 SE 694), in part as follows: "An invitation is implied where the entry on the premises is for a purpose which is or is supposed to be beneficial to the owner." It was noted that the ruling in *Smith v. Jewell Cotton Mill Co.*, 29 Ga. App. 461 (2) (116 SE 17), which held that "An invitation may be implied by a dedication, or may arise from known customary use, and it may be

---

[1] See Comment Note, " 'Economic benefit' or 'public invitation' as test of licensee-invitee status," 95 ALR2d 992 (1964).

inferred from conduct, if notorious or actually known to the owner or his authorized representative, or from any state of facts upon which it naturally and necessarily arises," had been limited by later decisions, "so that, '[t]o come under an implied invitation as distinguished from a mere license, the visitor must come upon the premises for the benefit, real or supposed, of the owner or occupant, or in a matter of mutual interest, or in the usual course of business, or for the performance of some duty.' *McCall v. McCallie*, 48 Ga. App. 99 (8) (171 SE 843)." *Anderson v. Cooper*, 214 Ga. 164, 169, supra. Thus the court concluded: "It therefore appears that the determining question as to whether a visitor is an invitee by implication or a licensee is whether or not the owner or occupant of the premises will *receive some benefit*, real or supposed, or *has some interest* in the purpose of the visit." *Anderson v. Cooper*, supra. (Emphasis supplied.) For other cases stating the test see 16 Ga. Digest, Negligence Key No. 32. Inasmuch as bringing the child into the store in the *Anderson* case was a customary use of the premises and in addition constituted a benefit to the occupant by affording him an opportunity to make a sale which otherwise he would have lost, the court concluded that the status of the child was that of an invitee. See also Annot., "Child accompanying business visitor to store, shop, or the like as invitee or licensee," 44 ALR2d 1319 (1955).

Far from being beneficial to the defendant in this case, however, or in its interest or to its advantage (see *Findley v. Lipsitz*, 106 Ga. App. 24 (1) (126 SE2d 299)), it appears that the visit of plaintiff to Mrs. Moraetes as she was operating the machine was undesirable both from her standpoint and from the defendant's. As Mrs. Hutto testified, "Mrs. Moraetes was new at the machine, and she was kinda nervous about the machine, you know, so I told her she was doing good. And she said 'Yes, she was doing a lot better than she had been doing.' . . Then I told her I had to go. She said she couldn't talk." Mrs. Moraetes testified that she was inexperienced on the "track feeder," that it was new to her so that she couldn't look up from the machine to glance directly at Mrs. Hutto and plaintiff; that she wasn't able to visit with them because "this machine is all

I can take care of at one time anyway"; and that Mrs. Hutto told plaintiff he couldn't talk with Mrs. Moraetes because she was busy.

We can only conclude from this testimony and that previously set out that whatever may have been the original status of plaintiff's mother in retrieving the pocketbook, plaintiff's visit with his mother inside the plant and particularly to Mrs. Moraetes as she was performing her duties, was of no interest or advantage to defendant but was merely a social visit for his and his mother's personal gratification. Hence *Anderson v. Cooper,* supra, does not support, but on the contrary weighs against, the position of plaintiff, since the test announced in that case has not been met. As stated in an annotation entitled "Duty owed to, and status of, social guest of employee on employer's business premises," 78 ALR2d 107, 114-115 (1961): "In describing the status of an employee's social guest upon the business premises of the employer and stating the duty owed to such a guest by the employer, the courts—in the absence of evidence that the employees had been forbidden to have guests on the premises—have ordinarily regarded the guest to be at the most a licensee, to whom the employer normally owes only the duty to refrain from inflicting wilful or wanton injuries. . . Cases considering the liability for injury to a social guest of an employee on the employer's premises recognize generally the traditional distinction between invitees, licensees, and trespassers, and the visitor is, in the absence of any prior expression of disapproval by the employer, ordinarily treated as a person whose presence on the premises is suffered or permitted, but who, because he enters for his own convenience, pleasure, or benefit, is to be regarded at the most as a licensee." Accord: *Freeman v. Levy,* 60 Ga. App. 861 (5 SE2d 61); *Pries v. Atlanta Enterprises,* 66 Ga. App. 464 (17 SE2d 902); Annot., "Duty of proprietor toward visitor upon premises on private business with or errand or work for employee," 94 ALR2d 6 (1964). In *Freeman v. Levy,* supra, it was held that plaintiff was a licensee and not an invitee where the petition alleged that plaintiff, visiting defendant's store for the purpose of making a purchase, ascended a stairway by defendant's permission for the purpose of visiting

one of defendant's employees and was injured while descending the stairs after the visit. And in *Pries v. Atlanta Enterprises, supra,* it was held that plaintiff was at most a licensee when he went upon defendant's premises to transact personal business with his son, defendant's employee.

Hence, even if we disregard evidence of defendant's prior disapproval of visitors in the production area, and even if we assume that the evidence shows a custom of suffering the presence of children on the premises, a point vigorously contested by defendant, we can only conclude that plaintiff was at most a bare licensee to whom no duty was owed to keep the premises up to any given standard of safety.

Compare *Southern Cotton Oil Co. v. Pierce,* 145 Ga. 130 (88 SE 672), where a demurrer was sustained to a petition alleging that defendant negligently allowed and permitted children to enter its seed house to play upon cottonseed without warning them of the danger of coming in contact with a partially-concealed seed conveyer; that plaintiff, eight years of age, went to the seed house to play upon the cottonseed in company with other children, one of whom had previously been permitted by defendant to play there. The Supreme Court held that these allegations were not a charge that defendant extended an invitation to children generally to come upon the premises, and that an invitation could not be implied under the attractive nuisance doctrine. *Kelley v. Black,* 203 Ga. 589 (47 SE2d 802), cited by plaintiff, does not appear to be applicable to the facts of this case.

■ Passing to the other extreme of the premises-liability scale, it is defendant's contention that plaintiff was not even a bare licensee but was a trespasser. The argument advanced is that under the allegations of the petition it was necessary for plaintiff to prove a custom on the defendant's part of permitting children of tender years to be present on the premises and in the area where the incident occurred, and that the evidence, viewed in the most favorable light for the plaintiff, showed at most only one or two instances where children were allowed in the production area. Thus it is argued that the evidence failed to show a custom of permitting the presence of children in the

past and, therefore, failed to authorize the inference of an implied permission on the occasion of the injury.

However, we do not find it necessary to deal with the question of custom, because, under the evidence, the status of licensee could be found by the jury on another basis. Mrs. Hutto testified that as she and plaintiff came in the plant Lester Jennings, the supervisor on duty, was standing on the other side of the lunchroom in the proximity of the production area and that he saw her and plaintiff as they walked toward him. Her opinion that he saw them was based upon the fact that he looked at them, although she could not swear as a fact that he saw them. Jennings, on the other hand, testified that he did not see them but was in another portion of the building at the time. It appears that Jennings, when on duty, was responsible for the operation of the plant and the enforcement of the company rules, including making the determination as to who would be allowed upon the premises.

Similarly, it was Mrs. Hutto's opinion that Dot Quinn, the "floor boss," saw them as they entered, the opinion being based upon the fact that Mrs. Quinn looked up from the machine where she was working and looked straight at them. Again, however, Mrs. Quinn denied seeing them.

We conclude that a question of fact, albeit a close one, was presented as to whether these supervisory employees were aware of, and acquiesced in, plaintiff's presence on the premises, and consequently, since plaintiff was neither a customer nor a servant and stood in no contractual relation with defendant, a question of fact as to whether he was a trespasser or was instead a licensee by being impliedly permitted to go upon defendant's premises for his own interest, convenience or gratification. *Code* § 105-402.

Cases such as *Atlantic C. L. R. 'Co. v. Drake*, 21 Ga. App. 81 (94 SE 65), holding that certain types of prima facie presumptions (such as those pertaining to acceptance of goods, to title, or to negligence of railroad companies) are legally rebutted by positive, unequivocal, and uncontradicted testimony to the contrary, are not in point so as to negate Mrs. Hutto's opinion that the supervisors saw plaintiff. Compare *Southwire Co. v. Frank-*

*lin Aluminum Co.*, 114 Ga. App. 337 (3b) (151 SE2d 493).

Since the jury could have concluded that plaintiff was a licensee, a verdict for defendant was not demanded. Under our ruling in the prior appearance (*Murray Biscuit Co. v. Hutto*, 115 Ga. App. 870, supra) it is the *law of the case* that defendant's supervisory personnel need not have *actual* knowledge of plaintiff's immediate danger, but that it is usually wilful or wanton not to exercise ordinary care to prevent injuring a licensee who is *reasonably expected* to be within the range of a dangerous act being done. The evidence shows that the supervisor Jennings considered the machine in question to be a dangerous one,[2] and the physical layout of the plant appears to be such that only a short distance of clear floor space separated the machinery from the lunchroom-office area where plaintiff entered. We conclude that under our prior ruling and the evidence adduced at the trial it was a jury question (1) as to whether defendant impliedly permitted plaintiff's presence so as to make him a licensee, and, if so, (2) whether defendant would reasonably expect plaintiff to be within the range of machinery which it knew to be dangerous, and, if so, (3) whether defendant then failed to exercise ordinary care to protect plaintiff under the circumstances.

Accordingly, there was no error in denying defendant's motion for judgment n.o.v.

■ Enumeration of error No. 3 complains that the court erred in permitting Lester Jennings, defendant's supervisor, to testify on plaintiff's cross examination that the machine which injured plaintiff was dangerous. The testimony was permitted over defendant's objection that it called for an opinion of the witness and invaded the province of the jury.

Generally speaking, where the ultimate question of negligence to be decided by the jury is whether or not a given situation is dangerous, and it is possible for the jury to take the same elements and constituent factors which guide the witness to his conclusion and from them alone make an equally intelligent judgment, the opinion of the witness as to the danger of the situation is not admissible. *Mayor &c. of Milledgeville v. Wood*,

---

[2]The admissibility of this evidence is considered in Division 3.

114 Ga. 370, 372 (40 SE 239); *Barnes v. Thomas,* 72 Ga. App. 827, 835 (35 SE2d 364). But see *Piedmont Hospital v. Anderson,* 65 Ga. App. 491, 496 (16 SE2d 90).

In this case, however, whether plaintiff was a trespasser or a licensee,[3] liability could not attach unless defendant had knowledge of the dangerous nature of the machine. Hence the evidence objected to is crucial not only to the question of whether the machine was dangerous, but more importantly to whether defendant *knew* it was dangerous. And, as stated in 29 AmJur2d 405, Evidence, § 356: "When the knowledge which a person may have had is material to a judicial proceeding, this is a fact to be proved as any other fact, and a wide range of proof is admissible in this respect. It differs from physical objects and phenomena in that it is a state of mind, which, like belief or consciousness, cannot be seen, heard, or otherwise directly observed by other persons. *It may be evidenced by the affirmative statement or admission of the possessor of it.*" (Emphasis supplied.) Cf. *Childers v. Ackerman Constr. Co.,* 211 Ga. 350 (3) (86 SE2d 227); *Hasty v. Wilson,* 223 Ga. 739 (7) (158 SE2d 915).

This enumeration of error is without merit.

■ The trial court submitted to the jury the question of whether defendant was liable to plaintiff as an invitee, and exception was taken on the basis that the charges were not applicable to the case since there was no evidence to authorize them.

As we held in Division 1, plaintiff could not be an invitee under the evidence and hence these enumerations of error are meritorious. Moreover, two of the charges pointedly demonstrate the erroneous concept urged by plaintiff and allowed to

---

[3]In either class of case there must be knowledge of plaintiff's presence and knowledge of the dangerous act being done before any duty can arise. The distinction is apparently that in the case of a trespasser he must actually be known to occupy a position of immediate danger, whereas, as we held in the prior appeal, it is sufficient if the licensee is reasonably expected to be within the range of the dangerous act being done.

go to the jury—that implied permission equals implied invitation. The judge charged:

"I charge you that where the owner or occupier of land, by *implied permission,* induces or leads others to come upon its premises for any lawful purpose, it is liable in damages to such persons for injuries occasioned by its failure to exercise *ordinary care* in keeping the premises safe. (Emphasis supplied.)

"I charge you further that the laws of Georgia provide that an invitation to come upon certain premises may be implied by custom, conduct, or any set of facts where an invitation may naturally be inferred when such actions, conduct or fact is notorious or actually known to the owner or its duly authorized agent."

The first charge is taken from *Code* § 105-401, with the profound exception that the word "permission" is substituted for the word "invitation," making it abstractly incorrect. It asserted the duty of ordinary care owed to an invitee as applicable to a mere permittee or a licensee. Or, to put it another way, the court, though changing the word "invitation" to "permission," nevertheless charged the law applicable to the invitee relationship when the evidence did not justify it, and in so doing failed to correct the error to which objection was made. The second charge appears to be taken from language appearing in cases such as *Smith v. Jewell Cotton Mill Co.,* 29 Ga. App. 461 (2), supra, and, as we noted in Division 1, the Supreme Court has held in *Anderson v. Cooper,* 214 Ga. 164, supra, that this language has been qualified so that something more must be shown to constitute one an invitee. As this court has stated, "Mere *permission* to enter the premises creates the relation of *licensee; invitation,* express or implied, is necessary to create the more responsible relation and the consequent higher duty upon the owner or proprietor." *Mandeville Mills v. Dale,* 2 Ga. App. 607, 611 (58 SE 1060); *Venable v. Langford,* 116 Ga. App. 257, 259 (157 SE2d 34). (Emphasis supplied.) And, assuming for the purpose of argument that the evidence in this case establishes a known, customary, permissive use, such evidence nevertheless does not show an implied invitation. *McCall v. McCallie,* 48 Ga. App. 99 (7) (171 SE 843).

"This error of submitting to the jury the question of the plaintiff's right to recover upon the theory that he was an invitee . . . is fundamental, and pervades the substantive law controlling the plaintiff's case. . ." *Central Ga. Power Co. v. Walker*, 144 Ga. 124, 129 (86 SE 319). It has the effect of raising the quantum of care owed to the child. Enumerations of error 2, 4, 5 and 8 are meritorious.

■ Remaining enumerations complain that the evidence failed to establish defendant's knowledge of plaintiff's presence, and consequently the rule of diligence as to trespassers and licensees after their presence is discovered should not have been given. Since we hold in Division 2 that a question of fact was presented as to whether defendant's supervisory personnel had discovered plaintiff's presence prior to the injury, these enumerations are without merit.

The motion for judgment n.o.v. was properly denied, but for the reasons stated in Division 4, the judgment denying the motion for new trial must be

*Reversed. Felton, C. J., and Whitman, J., concur.*