54574. MEDI-CLEAN SERVICES, INC. v. HILL.

BANKE, Judge.

The appellee, an 11-month-old child, was injured when she placed her hand inside the moving parts of an automatic linen folder located in the appellant's laundry plant. She brought this action by next friend and won a $186,000 jury verdict. The appellant brings this appeal from the denial of its motion for new trial, listing 35 separate enumerations of error.

The appellee's mother had entered the plant to pick up her husband, an employee there. She carried the child with her as she had done on numerous previous occasions. After chatting briefly with her husband and the plant

superintendent, she heard her sister-in-law call to her from the production area of the laundry, where heavy, industrial machinery was being operated. She walked back into this area to talk to the sister-in-law, still carrying the child. Although there was evidence that the mother knew this section of the plant was off-limits to non-employees, she was neither prevented from coming in nor ordered to leave.

While standing in front of the automatic folding machine, the mother placed the child on the floor in order to find a cigarette for an employee who had asked her for one. The child immediately walked around to the side the machine, placed its hand into the exposed moving parts of the drive mechanism, and lost four fingers. A protective metal guard normally covered the power transfer mechanism; however, it had been removed for several weeks in order to facilitate repairs which were being made.

1. A property owner is under a duty to exercise reasonable care to prevent injury to a licensee or trespasser who is actually known to be or may reasonably be expected to be "within the range of a dangerous act being done." *Mandeville Mills v. Dale,* 2 Ga. App. 607, 609 (58 SE 1060) (1907); *Murray Biscuit Co. v. Hutto,* 115 Ga. App. 870 (1), 872 (156 SE2d 132) (1967) and 119 Ga. App. 377, 381 (167 SE2d 182) (1969); *Huddle House v. Burke,* 133 Ga. App. 643, 648 (211 SE2d 903) (1974). See *Fotopoulos v. Lamas,* 123 Ga. App. 731, 732 (182 SE2d 326) (1971); *Patterson v. Thomas,* 118 Ga. App. 326 (163 SE2d 331) (1968).

The evidence in this case disclosed ample reason for the appellant to expect the presence of visitors, including children, in the production area of the laundry amidst the heavy machinery. Although there was testimony that a rule had been established to prevent nonemployees from going into the interior portions of the plant, there was also testimony that such visits by friends and relatives of employees were routine and that any rule prohibiting or restricting them was rarely enforced. It was clearly not enforced in this case. In fact, the mother testified that she was only a few feet behind her husband and the superintendent as she walked back into the production

area. Furthermore, this was not the first time that the appellee and her mother had made such a visit to the plant. Under these circumstances, the jury was clearly authorized to charge the appellant with actual or constructive knowledge that the appellee was in close proximity to the machinery. Cf. *Murray Biscuit Co. v. Hutto,* 119 Ga. App. 377 (2, 5) (167 SE2d 182) (1969).

The jury was also authorized to find that the operation of the machinery in its unguarded condition was a dangerous act. The shield was specifically designed to protect persons from contact with the drive mechanism, and it is evident that the mechanism had the capacity to cause serious bodily injury. Furthermore, it appears that other machinery in the area was operating with exposed moving parts having the potential to do injury. See *Murray Biscuit Co. v. Hutto,* supra.

Notwithstanding this evidence, the appellant vigorously asserts that it cannot be held liable, arguing that the mother's act of placing the child on the floor and letting go of her was an act of negligence which it could not reasonably have foreseen and which amounted to an intervening cause. We do not agree. "It is no defense to an action for an injury resulting from negligence that the negligence of a third person contributed to cause the injury, if the negligence of the defendant was an efficient cause without which the injury would not have occurred. [Cit.]" *Stern v. Wyatt,* 140 Ga. App. 704, 705 (231 SE2d 519) (1976). See *Rollestone v. Cassirer & Co.,* 3 Ga. App. 161 (59 SE 442) (1907). Furthermore, "Negligence or dereliction of the parent or custodian of children is no justification for others to injure them." *A. & C. Air-Line R. Co. v. Gravitt,* 93 Ga. 369, 378 (20 SE 550) (1893).

Nor can we accept the appellant's contention that this type of injury to an infant, apparently safe in its mother's arms, was not reasonably foreseeable as a matter of law. The jury was properly charged on proximate cause and foreseeability and these issues are always for jury resolution except in those rare cases in which reasonable minds cannot disagree. See *Young v. Tate,* 112 Ga. App. 603 (145 SE2d 747) (1965). Furthermore, the issue here is not whether injury to this particular plaintiff was reasonably to be anticipated, but

whether licensees and trespassers in general could reasonably be expected to be within the range of danger from the unguarded machinery and whether the appellant took reasonable steps to prevent such injury. "Upon the principle that persons are responsible for the usual and natural results of their acts, one may be liable for an injury resulting from his negligence although he could not reasonably have anticipated the particular injury inflicted, or that the particular person would be injured. *Mitchell v. J. S. Schofield's Sons Co.,* 16 Ga. App. 686 (85 SE 978)." *Stuart v. Berry,* 107 Ga. App. 531, 537 (130 SE2d 838) (1963).

The case of *Wright v. Shoney's of Savannah,* 141 Ga. App. 362 (233 SE2d 474) (1977), relied upon by the appellant for the proposition that the injury was not foreseeable, is distinguishable from the case before us now. In that case, we held that a restaurant could not be charged with a duty to foresee that a young child would remove air freshener from a cabinet in one of its restrooms and ingest it. In this case we are dealing not with the storage of air freshener in a restroom, but with an industrial machine being operated without the benefit of the safety shield normally covering its drive mechanism. The latter can reasonably be called a "dangerous act being done." The former cannot.

For the foregoing reasons, we hold that the evidence supported the verdict and that the trial court did not err in overruling the appellant's motions for directed verdict, for judgment notwithstanding the verdict, and for new trial on the general grounds.

2. The appellant enumerates as error the admission into evidence of certain regulations of the Occupational Safety and Health Administration, a federal agency dedicated to the promulgation of safety regulations. It is clear from the record that these regulations were never introduced into evidence. One of the appellant's witnesses was merely asked on cross examination whether he was aware of the existence of the regulations and whether they applied to the laundry's operations. He replied yes to both questions. No error resulted.

3. The appellant contends that counsel for the appellee made several improper comments during the

trial in the presence of the jury. None of the allegedly improper statements made during closing argument was objected to; and, therefore, they will not be considered on appeal. *Daniels v. State,* 230 Ga. 126 (2) (195 SE2d 900) (1973). We do not find any impropriety in any comments made prior to·closing argument except for one instance when counsel for the appellee referred to opposing counsel's "nervousness and anticipation." The trial court immediately instructed appellee's counsel that the remark was improper, the latter apologized, and the jury was instructed to disregard the remark. It was not error to deny a mistrial.

4. The appellant asserts that evidence of prior negligence on its part was improperly allowed into evidence. The evidence involved was testimony that the appellant had not prohibited visitation by nonemployees at the plant's previous location, where all of the laundry's operations had been carried out until approximately three weeks prior to this incident. It was also shown that the operations at the prior location involved the same management and essentially the same personnel.

This evidence was relevant to the issue of whether the appellant knew or should have known that its employees were receiving visitors in the production area of the new plant. Accordingly, it was not error to admit it. See *Sample v. Lipscomb,* 18 Ga. 687 (1) (1855); *Central of Ga. R. Co. v. Brower,* 106 Ga. App. 340 (2) (127 SE2d 33) (1962).

5. The appellant enumerates as error the admission of evidence that the machine guard was replaced shortly after the accident, contending this constituted evidence of a subsequent repair or precaution. It appears from the record that this evidence was expressly offered and admitted not as an admission of negligence but for the purpose of showing that there was no necessity for the guard to have been removed on the day of the accident for the purpose of making repairs. It was admissible for this limited purpose of whether the appellant took reasonable steps to protect visitors from injury from the machine. See *Great Cosmopolitan Shows v. Petty,* 7 Ga. App. 236 (2) (66 SE 624) (1909). See also *Orr v. Dawson Tel. Co.,* 35 Ga. App. 560 (2) (133 SE 924) (1926); *Amusements of America*

*v. Schatz,* 114 Ga. App. 627 (2) (152 SE2d 607) (1966). Furthermore, this was not actually evidence of a change in a condition following an accident. It had been the normal circumstance for the guard to be on the machine prior to the accident.

6. "There is no evidence here to justify the inference of gross mistake or undue bias and we may not set aside the verdict as being excessive. *Yale & Towne, Inc. v. Sharpe,* 118 Ga. App. 480 (6c) (164 SE2d 318)." *Seaboard C. L. R. Co. v. Duncan,* 123 Ga. App. 479, 483 (181 SE2d 535) (1971).

7. Eighteen enumerations of error are directed to the jury charge. "The charge was full to overflowing. Both parties got all they were entitled to, and divided the overflow equally. If there were errors in the charge, they were mild. The [appellant] lost, not because of the charge, but because he failed to impress the jury with the justness of his cause." *Allen & Co. v. Boyd & McDavid,* 1 Ga. App. 348 (2) (57 SE 939) (1907).

8. The remaining enumerations of error have been carefully reviewed and have been determined to be without merit.

*Judgment affirmed. Shulman, J., concurs. Birdsong, J., concurs in the judgment only.*

ARGUED OCTOBER 11, 1977 — DECIDED DECEMBER 1, 1977 — REHEARING DENIED DECEMBER 19, 1977 —

*Brinson, Askew & Berry, Robert M. Brinson, Robert N. Farrar,* for appellant.

*Smith, Shaw, Maddox, Davidson & Graham, William E. Davidson, Jr.,* for appellee.